**Harry G. LaFORGE and Mildred E. LaForge, Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**No. 7, Docket 34607.**

United States Court of Appeals, Second Circuit.

Argued Sept. 24, 1970.

Decided Nov. 10, 1970.

371

Arthur A. Russ, Jr., Buffalo, N. Y. (Albrecht, Maguire, Heffern & Gregg, Buffalo, N. Y., on the brief), for appellants.

Robert D. Bickel, Dept. of Justice, Washington, D. C. (Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Grant W. Wiprud, Dept. of Justice, Washington, D. C., on the brief), for appellee.

Before LUMBARD, Chief Judge, and ANDERSON and FEINBERG, Circuit Judges.

ANDERSON, Circuit Judge:

The issues presented by this appeal from a determination of a deficiency by the Tax Court [1] are whether the taxpayer, Harry G. LaForge, failed adequately to substantiate certain entertainment deductions and whether the Tax Court correctly computed the portion of his country club dues which were deductible as an entertainment facility expense.

The taxpayer, a surgeon at Buffalo General Hospital, regularly paid for the lunches of the residents and interns who assisted him. The cafeteria cashier was forbidden by hospital rules to issue receipts for these expenditures, but she testified before the Tax Court that Dr. LaForge regularly purchased his lunch and the lunches of his assistants at a cost of $2.65 to $3.00 each day. The taxpayer kept no contemporaneous account of these expenditures, nor did he file with his return a written statement itemizing the cost of the lunches. Instead, on his 1964 and 1965 income tax returns, he deducted $2.00 for each day of his hospital schedule. Though conceding that the taxpayer's luncheon expenditures met each of the substantive requirements of §§ 162 and 274 of the Internal Revenue Code of 1954, the Commissioner contended that the taxpayer's testimony, and that of the cafeteria cashier, did not fulfill the substantiation requirements of Treas.Regs. § 1.274–5(c) (3) and that the deduction must for that reason be disallowed. On this basis the Tax Court determined a portion of the challenged deficiencies.

The remaining portion of the deficiencies arose from the Tax Court's disallowance of taxpayer's deduction of the entire amount of his 1964 and 1965 country club dues. The Commissioner conceded that the taxpayer used the country club facilities primarily for the furtherance of his practice and that he was en-

1. The findings of fact and opinion of law of the Tax Court are reported at 53 T.C. 41 (1969).

titled to deduct that portion of the dues which was "directly related" to the active conduct of his practice. § 274(a)(1)(B). Treas.Regs. § 1.274–2(c)(6) provides a formula for computing the portion of club dues so "directly related." Applying this formula the Tax Court excluded from its computations the cost of the taxpayer's meals, ruling, in effect, that the portion of the dues corresponding to the cost of the taxpayer's own meals was not "directly related" to the conduct of his medical practice.

## I.

To put an end to abuses which had developed through the use of expense accounts, Congress in 1962 amended the Code to provide rules for the substantiation of entertainment expense deductions. Section 274(d) provides that an otherwise deductible entertainment expense shall not be allowed "unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement" the amount, time, place and business purpose of each such expense and the taxpayer's business relationship to the persons entertained. To substantiate such expenditures by "adequate records," the regulations require taxpayers to maintain an account book or diary in which each element of an expenditure is contemporaneously recorded and to supplement account entries with such documentary evidence as itemized receipts. Treas.Regs. § 1.274–5(c)(2). If a taxpayer does not compile "adequate records," he must establish each element of the expenditure by his own written statement and by other corroborating evidence. Treas.Regs. § 1.-274–5(c)(3).

■■■ Conceding that he neither compiled "adequate records" nor filed with his return a written statement substantiating the claimed deduction for lunch-

eon expenditures, the taxpayer contends the regulation's demand for a written statement goes beyond the statutory requirement of substantiation by "sufficient evidence corroborating his own statement." We agree. To require a written statement itemizing each expenditure is, in effect, to compel the taxpayer to maintain "adequate records" and thereby to dismiss from the statute one element of its disjunctive substantiation requirements. Moreover, the draftsmen of § 274(d) contemplated substantiation by oral testimony:

> "[T]he degree of corroboration required to support a claimed deduction will vary as respects the business relationship and purpose, the time and place, and the amount of the expense. Thus, oral testimony of the taxpayer together with circumstantial evidence available, may be considered 'sufficient evidence' for the purpose of establishing the business purpose required under the new provision. However, oral testimony of the taxpayer plus more specific evidence would be required to be 'sufficient evidence' as to the amount of an expense."

S.Rep.No. 1881, 87th Cong., 2d Sess. (1962) in 1962–2. U.S.Code & Cong. Admins.News, pp. 3337–38.

■■■ Though oral testimony properly corroborated may fulfill one of the statute's alternative substantiation requirements, the taxpayer's testimony here was not sufficiently precise to substantiate the claimed deduction. Taxpayer testified to the amount, regularity and purpose of his luncheon expenditures over a two-year period. Absent evidence concerning the cost of taxpayer's own lunches, which were not deductible,[2] taxpayer's testimony was too much the approximation condoned by Cohan v. Commissioner of Internal Revenue, 39 F.2d 540 (2d Cir. 1930). In light of the posi-

---

2. Unless the taxpayer demonstrates that the cost of a business meal exceeded that amount which he would have been required to spend in any event for his sustenance, no deduction will be allowed.

Richard A. Sutter, 21 T.C. 170 (1953); see James v. United States, 308 F.2d 204 (9 Cir. 1962). Taxpayer here made no such showing.

tion we have taken today, taxpayer should be afforded an opportunity to prove the cost of his own meals as part of his testimonial substantiation.[3] At that time the taxpayer will also have an opportunity to press his claim that the Internal Revenue Service applies the *Sutter* rule, see footnote 2, *supra*, only to cases of abuse, Rev.Rules 63–144, 1963–2 Cum.Bull. 129, Q & A 31, and that his case does not fall into that category.

## II.

A taxpayer's expenditures for an entertainment facility are deductible only if the taxpayer establishes that (a) the facility was used "primarily for the furtherance of the taxpayer's trade or business" and (b) the expenditures were "directly related" to the active conduct of the taxpayer's trade or business. § 274(a) (1) (B). Club dues are considered by the statute to be facility expenditures. § 274(a) (2) (A). Because the Commissioner concedes that the taxpayer used his country club primarily for the furtherance of his professional practice, the only question here is what portion of his club dues were "directly related" to that practice.

Treas.Regs. § 1.274–2(c) (6) quantifies this "directly related" concept by permitting, as a facility expense deduction, that portion of the dues which corresponds to the taxpayer's actual use of the facility for business entertaining. A taxpayer may deduct that fraction of the total dues that corresponds to the percentage, which the taxpayer's expenditures for business meals taken at the club represent, of his total yearly expenditure for food and beverages purchased at the club.

The portion of dues corresponding to the cost of the taxpayer's own

meals, which the Tax Court ruled nondeductible, are by this test "directly related" to the active conduct of his practice. The club dues represent the cost of the taxpayer's access, and the access of his business guests, to an entertainment facility. Because the taxpayer's presence was a prerequisite to the Tax Court's finding that his country club entertaining was in fact business entertaining, the cost of taxpayer's access was "directly related" to his practice within the meaning of § 274(a) (1) (B).

The case is remanded to the Tax Court to permit the taxpayer an opportunity to prove the cost of his own hospital cafeteria meals and the cost of his club meals and for further proceedings consistent with this decision.

---

3. The unlawful approximation condemned here is not the fact that taxpayer could not state the precise amount of each luncheon expenditure, for to require him to do so would in effect require him to make some contemporaneous written notation; and any such notation would be enough to qualify under Reg. 1.274–5(c)

(3), which we are today invaliditing. Rather the unlawful approximation is the fact that taxpayer did not demonstrate the cost of his own lunches. Hence if taxpayer can show on remand the maximum cost of his own lunches, a deduction for the remaining amount should be allowed.