Robert J. Hays and Janet M. Hays v. Commissioner.
Hays v. Commissioner
Docket No. 5497-69-SC.
United States Tax Court
T.C. Memo 1971-5; 1971 Tax Ct. Memo LEXIS 326; 30 T.C.M. (CCH) 37; T.C.M. (RIA) 71005; January 11, 1971, Filed Robert J. Hays, pro se, White Trucks, 708 East 25th St., Baltimore, Md. W. John Howard, Jr., for the respondent. GUSSIS
Memorandum Findings of Fact and Opinion GUSSIS, Commissioner: Respondent determined a deficiency in the petitioners' Federal income tax for 1967 in the amount of $453.39. The issue is whether petitioners are entitled to the deduction of certain entertainment expenses as ordinary and necessary business expenses within the meaning of section 162 of the Internal Revenue Code of 1954. [1]
*327 Findings of Fact Some of the facts were stipulated and they are so found. Robert J. Hays and Janet M. Hays, husband and wife, were residents of Severna Park, Maryland on the date the petition herein was filed. They filed a joint Federal income tax return for 1967 with the district director of internal revenue, Boston, Massachusetts. Robert J. Hays will hereinafter be called the petitioner. Prior to and during the year 1967, petitioner was employed in Medfield, Massachusetts as sales manager for White Motor Corporation which had its headquarters in Cleveland, Ohio. Most of petitioner's income came from commissions, with a small portion of his income representing wages. Petitioner was responsible for ten dealerships of the White Motor Corporation and he made regular visits to all of them though not on any scheduled basis. In the course of such visits the petitioner made expenditures for meals, drinks and other types of entertainment. Among these expenditures were caddy fees, green fees and other items incidental to golf matches played with the various distributors. In a letter dated January 30, 1962, petitioner was notified by the vice president of White Motor Corporation, *328 with reference to travel and expense accounts, that "expenses must be cut to a minimum." The letter also stated as follows: "I do not think it is necessary for you to entertain our distributors for meals, drinks or any other type of entertainment." Petitioner kept a diary that showed the particular city visited in his rounds of the distributors and the date of the visit. Petitioner submitted vouchers to the White Motor Corporation for various travel expenditures in 1967 and received 38 reimbursement from his employer in the amount of $9,567.33. In Form 2106 (Statement of Employee Business Expenses) of his 1967 income tax return, the petitioner showed total travel expenses in the amount of $12,128.20, reimbursements from his employer of $9,567.33 and excess expenses in the amount of $2,560.87 which he claimed as an employee business expense deduction. Of this latter amount the respondent allowed a deduction of $500 for automobile expenses and disallowed any deduction for the balance, or $2,060.87. Opinion Respondent argues initially that the claimed expenditures in the amount of $2,060.87 do not qualify as ordinary and necessary business expenses incurred by petitioner as *329 an employee with the meaning of section 162. Respondent also argues that in any event the claimed unreimbursed entertainment expenditures are not deductible because petitioner failed to satisfy the substantiation requirements of section 274(d). Petitioner testified that the unreimbursed expenditure of $2,060.87 in 1967 was incurred playing golf with various dealers and for drinks. His testimony was as follows: "The entertainment I refer to - golf games, pick up caddy fees and green fees, the cocktails that are not necessarily related to the business meal at the time, and it would be certainly not very smart for me to put on an expense account that I played golf with a dealer." We do not feel it is conclusive on this question, as respondent implies on brief, that the petitioner's employer had notified him in the past that it was unnecessary for him to entertain the dealers. Such instructions were obviously meant to frame the employer's policies as to the type of expenditures it would reimburse. We note that most of petitioner's income in 1967 came from commissions and it is entirely conceivable that unreimbursed expenses incurred by him as an employee could, if properly established, *330 qualify as deductions under section 162. However, we need not decide that question here since, even if the entertainment expenses were otherwise qualified under section 162, they must also meet the substantiation requirements of section 274(d) in order to be deductible. Section 274(d) provides explicit requirements with respect to the substantiation of entertainment expenses. It specifies that no deduction shall be allowed under section 162 for entertainment expenses "unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation * * *, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained * * *." Respondent has issued extensive regulations implementing the statute. Petitioner has failed to make the requisite substantiation either by adequate records or by sufficient evidence corroborating his own statements. He kept a diary merely to record his visits to the various dealerships in his territory. He candidly admitted that "[it] was not *331 for any Internal Revenue bookkeeping whatsoever." He admitted at the trial that he kept no records of his entertainment expenditures and kept no receipts which would show the components of the claimed entertainment expenditures amounting to $2,060.87. In fact, he admitted that the amount in dispute here was "an estimated figure." In his opening statement to the Court, the petitioner conceded the fact that he did not have any records and stated that he felt it was "unreasonable for people in my position to be expected to keep that type of records." Without the requisite records to support his claimed entertainment expense deductions the petitioner is, in effect, relying for the most part upon his uncorroborated, selfserving testimony. His diary, lacking any details apart from the city visited and the dates of the visit, is obviously deficient in corroborating his testimony. See William F. Sanford, 50 T.C. 822 (1968), affirmed per curiam 412 F. 2d 201 (C.A. 2, 1969). Nor is there anything else in this record to serve as "sufficient evidence" in corroboration of his oral testimony. Thus, we do not have before us the problem presented in Harry G. LaForge, 53 T.C. 41 (1969), *332 reversed and remanded 434 F. 2d 370 (C.A. 2, 1970). Finally, it is manifestly clear under the pertinent legislative history that we are not free to make an estimate of allowable expense deductions (under the rule of Cohan v. Commissioner, 39 F. 2d 540 (C.A. 2, 1930)) where the record is otherwise deficient in the necessary substantiation. See S. Rept. 39 No. 1881, 87th Cong., 2d Sess. (1962), at page 35. We conclude that petitioner is not entitled to a deduction for any portion of the entertainment expenses here in dispute. Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 unless otherwise specified.↩