Gabriel Olah and Edna Olah v. Commissioner.
Olah v. Commissioner
Docket No. 7270-70 SC.
United States Tax Court
T.C. Memo 1971-256; 1971 Tax Ct. Memo LEXIS 75; 30 T.C.M. (CCH) 1106; T.C.M. (RIA) 71256; October 4, 1971, Filed. Gabriel Olah, pro se, 5028 Glendale St., Duluth, Minn. Richard J. Hunter, for the respondent. GUSSIS
Memorandum Findings of Fact and Opinion GUSSIS, Commissioner: Respondent determined a deficiency in petitioners' Federal income tax for 1967 in the amount of $904.71. The issue is whether petitioners are entitled to a deduction for meals, lodging, automobile, and airplane expenses in excess of the amount allowed by respondent. Findings of Fact Some of the facts were stipulated and they are so found. Gabriel and Edna Olah, husband and wife, were residents of Duluth, Minnesota at the time their petition herein was filed. They *76 filed a joint Federal income tax return for the year 1967 with the district director of internal revenue, St. Paul, Minnesota. Gabriel Olah will hereinafter be called the petitioner. During the year 1967 petitioner was employed as a pipefitter by Loosen Plumbing and Heating, Inc., Long Lake, Minnesota. He worked at projects in various cities during the year, including Detroit, Michigan, Dayton, Ohio, and New Ulm, Minnesota. Petitioner's employer had a reimbursement policy in effect for its employees during the year 1967. Under this policy the employee was reimbursed on a fixed mileage basis for travel expenses and a subsistence allowance was paid to an employee working on out-of-town projects. During the year 1967 the weekly subsistence allowance fluctuated from $30 to $100, depending upon the location of the project. Petitioner was reimbursed by Loosen Plumbing and Heating, Inc. in 1967 in the following amounts: Lodging, food and tips
$3,242.50
Mileage expenses 675.20
Total
$3,917.70
Petitioner reported wages in the amount of $14,189.09 on his Federal income tax return for 1967. He claimed deductions on his 1967 return for food, lodgings, tips and mileage *77 expenses in excess of reimbursements in the following amounts: Lodging, food and tips
$5,506.33
Less reimbursement 3,242.50
Deduction in excess of reimburse-
ment
$2,263.83
Mileage Expenses:
Personal auto
$3,320.00
Personal aircraft 750.00
4,070.00
Less reimbursement 675.20
Deduction in excess of reimburse-
ment
$3,394.80
In the statutory notice of deficiency the respondent allowed a deduction for lodging, food and tips in the amount of $940 and disallowed $1,323.83 of the deduction claimed by petitioner in excess or reimbursement ($2,263.83 minus $940). Respondent also allowed a deduction for mileage expense in the amount of $157.80 and disallowed $3,237 of the deduction claimed by petitioner in excess of reimbursement ($3,394.80 minus $157.80). Opinion Section 162 of the 1954 Internal Revenue Code allows a deduction for traveling expenses, including meals and lodging, incurred while away from home in pursuit of a trade or business. However, section 274(d) of the 1954 Internal Revenue Code explicitly provides that no deduction shall be allowed under section 162 "unless the taxpayer substantiates by adequate records or by sufficient *78 evidence corroborating his own statement" the amount, time and place, business purpose and business relationship of the expenditure incurred. The requirements imposed by section 274 were added to the 1954 Internal Revenue Code by the Revenue Act of 1962, 76 Stat. 974. It is clear from the pertinent legislative history that we are not free to make an estimate of allowable expense deductions (under the rule of Cohan v. Commissioner, 39 F. 2d 540 (C.A. 2, 1930), where the record is otherwise deficient in the necessary 1107 substantiation. See S. Rept. No. 1881, 87th Cong., 2d Sess. (1962), p. 35; see also William F. Sanford, 50 T.C. 823 (1968), affirmed per curiam 412 F. 2d 201 (C.A. 2, 1969). Petitioner's employer reimbursed him during the year 1967 for food and lodging expenditures away from home on various projects in the amount of $3,242.50 and also reimbursed him for mileage expenses in the amount of $675.20. Respondent has not challenged these expenses. Petitioner claimed an additional deduction (in excess of reimbursement) of $2,263.83 for food and lodging expenses away from home. Respondent only allowed $940 of this additional deduction. *79 Petitioner also claimed an additional deduction (in excess of reimbursement) of $3,394.80 for mileage expenses, which respondent allowed only to the extent of $157.80. It is clear that petitioner has failed to make the necessary substantiation required by the statute either by adequate records or by sufficient evidence corroborating his own statements. Petitioner candidly admitted that he did not keep any contemporaneous records of his automobile and private aircraft expenses. Moreover, it appears that a significant portion of the disallowed mileage expense was personal in nature, i.e., weekend round-trips between the jobsites and his Duluth residence. Nor did he keep a diary or any other contemporaneous record of his away-from-home expenses for food and lodging. Instead, it appears from the record that petitioner's deduction for food and lodging was based in large part on approximations of the average expenses incurred over the period of a year. Finally, the record does not contain "sufficient evidence" to corroborate petitioner's oral testimony as to the disputed expenses. See Harry G. LaForge, 53 T.C. 41 (1969), reversed and remanded 434 F. 2d 370 (C. *80 A. 2, 1970). On this record we must hold that petitioner has failed to meet the substantiation requirements of section 274(d) of the 1954 Internal Revenue Code and therefore is not entitled to a deduction for the claimed away-from-home expenditures in excess of the amounts allowed by respondent. Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered for the respondent.