HARRY CHETKIN and ROSE CHETKIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Chetkin v. Commissioner
Docket No. 8041-71.
United States Tax Court
T.C. Memo 1973-97; 1973 Tax Ct. Memo LEXIS 192; 32 T.C.M. (CCH) 434; T.C.M. (RIA) 73097; April 24, 1973, Filed Edwin Fradkin and Harvey R. Zeller, for the petitioners. Robert N. Ginsburg and Lyndon J. Parker, for the respondent. 2 QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge: The respondent has determined deficiencies in income taxes and additions to the tax to be due from the petitioners as follows: Taxable Year
Deficiency in Income Tax
[1] Addition to the Tax Section 6653(a) 1965
$3,800.83
$190.04
1966
6,651.57
332.57
1967
9,207.99
460.39
The issues presented for determination are whether the Commissioner's disallowance of claimed sales returns and allowances and his assertion of the addition to the tax for negligence or intentional disregard *193 of rules and regulations in each of the years in question was erroneous. FINDINGS OF FACT Some of the facts have been stipulated by the parties. The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference. 3 The petitioners, Harry Chetkin and Rose Chetkin, [2] are husband and wife whose legal residence at the time the petition was filed herein was in Springfield, New Jersey. They duly filed joint Federal income tax returns on the cash basis for the calendar years 1965, 1966, and 1967. Throughout the years in question, Harry Chetkin owned and operated the Bamberger Ticket Agency located in Bamberger's Department Store, Newark, New Jersey. The ticket agency was engaged in the business of acquiring and reselling tickets for nearly all cultural and athletic events in the metropolitan New York area and normally charged $1.50 over the face price of the ticket for its services. Due to the existence of certain licensing requirements imposed by the *194 State of New York not here pertinent, petitioner was required to personally go into New York 4 City from Newark to obtain the tickets sold through the agency. He customarily spent the entire day in the city on Tuesdays and Thursdays, often remaining there until after 10:00 p.m. On his income tax returns for the years here in dispute, petitioner utilized Schedule C to report the income and expenses attributable to the operation of the Bamberger Ticket Agency. The items contained on those schedules, insofar as relevant to this inquiry, are as follows: 1965
1966
1967 Gross receipts or gross sales
$55,065.04
$73,248.93
$75,518.98
Returns and allowances
14,005.50
16,711.80
20,618.25
Dead tickets
667.55
1,325.20
1,012.85
Gifts
3,117,87
3.150.00
2,755.45
Entertainment
1,240.00
1,560.00
1,560.00
The full amounts claimed for gifts and entertainment were allowed upon examination by the internal revenue agent of contemporaneous notebooks maintained by the petitioner. Those notebooks were not produced at the trial of this case. The respondent's agent disallowed the 5 claimed returns and allowances for the reason, as stated in the *195 statutory notice of deficiency, that: The deduction * * * claimed for sales returns and allowances is not allowed because it has not been established that any amount represents an ordinary and necessary business expense or was expended for the purpose designated. * * * At the trial, petitioner presented "diaries" for the years 1965, 1966, and 1967 in substantiation of his contention "that the claimed sales returns and allowances * * * in fact represented additional travel and entertainment expenses * * *." Those diaries were admittedly prepared by the petitioner in 1970, at the direction of his counsel, based upon his recollection of his activities in 1965, 1966, and 1967. OPINION In this case the respondent has determined that petitioner's calimed "sales returns and allowances" are not allowable in reduction of "gross receipts or gross sales" as reported on Schedule C of the returns filed for the years in issue. That determination is 6 presumptively correct and petitioner has the burden of proving it to have been made in error. Rule 32, Tax Court Rules of Procedure; Helvering v. Taylor, 293 U.S. 507 (1935). The petitioner now claims that the returns *196 and allowances represent additional entertainment expenses and gifts supposedly incurred on his frequent trips into New York City, initially not claimed as such on his returns. In support of this claim, petitioner relies on LaForge v. Commissioner, 434 F.2d 370 (C.A. 2, 1970), urging us to find that the "diaries" prepared in 1970 satisfy the requirements of section 274 and the regulations thereunder. Section 274 provides, in pertinent part: (d) Substantiation Required. - No deduction shall be allowed - * * * (2) for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, * * * or (3) for any expense for gifts, 7 unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, * * * or the date and description of the gift, (C) the business purpose of the expense or other item and (D) the business relationship to the taxpayer of persons entertained, * * * or receiving the gift. The secretary or his delegate may by *197 regulations provide that some or all of the requirements of the preceding sentence shall not apply in the case of an expense which does not exceed an amount prescribed pursuant to such regulations. That which is required to satisfy the statute is set forth at length in the regulations, which, for the purpose of this case, need not be set out here. See section 1.274-5(c), Income Tax Regs.
The LaForge case, which held section 1.274-5(c) (2) and (3), Income Tax Regs., invalid to the extent that they required solely written records to substantiate entertainment expenses, [3] and upon which petitioner relies, is readily distinguishable from this case and is therefore inapplicable. See Norman E. Kennelly, 56 T.C. 936, 8 943 (1971). Here, the diaries introduced by petitioner constitute no more than the petitioner's own statement recorded as much as five years subsequent to the years in question. In the absence of any corroborative evidence such diaries are no different than would be the unsubstantiated testimony of the petitioner. Accordingly, petitioner has failed to meet the requirements of the statute. *198 The respondent also determined an addition to the tax for negligence or intentional disregard of rules and regulations pursuant to section 6653(a) to be due from the petitioners for each of the years 1965, 1966, and 1967. That determination is presumptively correct and in the absence of evidence from the petitioner to rebut it, we are constrained to sustain the addition. James W. England, Jr., 34 T.C. 617 (1960); James S. Reily, 53 T.C. 8 (1969). No testimony or other evidence directly relating to that adjustment was adduced at the trial. Further, petitioner's suggestion that "the totality of the circumstances make it inappropriate for the respondent to invoke" the addition does 9 not constitute evidence of a nature sufficient to rebut the presumptive correctness of the determination. In accordance with the foregoing, Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Rose Chetkin is a petitioner herein solely by reason of having filed a joint return with her husband. Hereinafter, references to "petitioner" are to Harry Chetkin. ↩
3. In conformity with the opinion of the Second Circuit in LaForge v. Commissioner, 434 F.2d 370 (C.A. 2, 1970), sec. 1.274-5(c) (3) (i), Income Tax Regs., was amended on December 14, 1972, by T.D. 7226↩.