STEPHEN J. SAWYER and JEAN P. SAWYER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sawyer v. Commissioner
Docket No. 4398-70.
United States Tax Court
T.C. Memo 1973-170; 1973 Tax Ct. Memo LEXIS 115; 32 T.C.M. (CCH) 816; T.C.M. (RIA) 73170; August 6, 1973, Filed Stephen J. Sawyer, pro se. John O. Tannenbaum, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined deficiencies in petitioners' Federal income taxes and an addition to tax as follows: 2 Taxable Year
Deficiency
Addition to Tax Sec. 6651(a) [1]
1965
$ 711.66
$139.67
1967
1,414.90
The deficiencies arose because of petitioners' failure to adequately substantiate certain (1) employee business expenses, (2) travel and entertainment *116 expenses, (3) medical expenses, and (4) legal expenses. At issue is whether the petitioners are entitled to any of the claimed deductions. FINDINGS OF FACT Some of the facts are stipulated and those facts are so found. Stephen J. Sawyer and Jean P. Sawyer (herein called petitioners) are husband and wife whose legal residence was in Milford, Connecticut, when they filed their petition in this proceeding. They filed their joint Federal income tax returns for the years 1965 and 1967 with the district director of internal revenue in Hartford, Connecticut.The Federal income tax return for 1965 was received by the respondent on April 14, 1967. No extensions of time within which to file this return were requested or granted. The Federal income tax return for 1967 was timely filed. 3 During the first six months of 1965 Stephen J. Sawyer (herein referred to individually as petitioner) was employed by Pioneer Carloading Company of New York. During the latter half of 1965 he was self-employed as an independent shipping agent. During 1967 petitioner worked as a salesman for Industrial Trucks in Milford, Connecticut. While working as a shipping agent, he solicited truckloads *117 of freight from various manufacturing plants located throughout Connecticut. He would consolidate these loads where possible and arrange for transshipment to various destinations, usually in the Midwest. On his 1965 Federal income Tax return petitioner claimed a total of $5,008.82 as "other business expenses." Of this amount $4,465.53 was claimes as travel and entertainment expenses for the year. The entire travel and entertainment expenses were disallowed by the respondent. Of a total claimed deduction of $472 for employee business expenses, the respondent allowed $200. The disallowance was based on two grounds: First, that the petitioner had not established that the expenses incurred were ordinary and necessary business expenses and, second, that he had not shown that the amounts had been expended for the purpose stated. For the year 1967 the petitioner claimed $5,795.96 as employee travel and entertainment expenses. The entire amount was disallowed. 4 Also disallowed were claimed expenditures of $580 for legal expenses and $787.81 for medical expenses. It was the petitioner's practice during 1965 to write checks for cash on the account of the Naugatuck Valley *118 Freight Terminal, through which he arranged truckload shipments. The checks were written in even dollar amounts. Some of them bore notations indicating the money was to be used in whole or in part for purely personal expenses. During the months of April through November 1965 petitioner wrote 107 checks on the Naugatuck Valley account, mostly for cash. On 70 checks there were written notations. Approximately 50 of these bore the notation - sales expense or solicitation. Others were written to drug stores, a department store or a motel. The checks totaled $4,826.16. The checks did not indicate the exact amount of any business expense paid with the funds. Petitioner did not keep, during 1965, any diary or record of expenses except for the canceled checks. Petitioner attempted to recall the facts and circumstances surrounding each expenditure. Lacking any contemporaneous diary or notes, his testimony was generally vague and disjointed. He had made a listing of most of the checks introduced into evidence. This list showed checks totaling $4,377.32. 5 The 1967 Federal income tax return claimed entertainment expenses of $2,327.58, travel expenses of $3,010.78, of which *119 $2,662.78 was auto expense and $348 was for travel away from home, a telephone expense of $457.60 and legal expenses of $580. Fortynine Travel Expense Reports kept by petitioner show total entertainment and miscellaneous expenses of $1,804.23 and automobile mileage of 23,946. The reports give names of persons entertained in some instances. Approximately one-third of the dollar amount of the expenditures is related to a named individual. Nothing is said with respect to the business purpose if any, of the meetings. The legal expenses involved certain litigation for which petitioner claims a deduction of $250. An additional $230 was conceded at the trial to be a personal expense, while the difference ($100) was not mentioned. No receipt or canceled checks were introduced to evidence payment. The medical expense deduction was not substantiated by any canceled checks or receipted bills from the doctors. OPINION Respondent contends that the petitioner has failed to prove the business nature of the expenditures and, more critically, to comply with the substantiation requirements of section 274, which provides generally that no deduction shall be allowed unless 6 * * *120 * the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility, or receiving the gift. For 1965 petitioner had no records but a batch of canceled checks, some bearing various notations. The section 274 substantiation requirements for 1965 are not met in even a minimal way. All we have are the canceled checks and petitioner's self-serving testimony that the expenses were incurred. See William F. Sanford, 50 T.C. 823 (1968), affirmed per curiam 412 F.2d 201 (C.A. 2, 1969), certiorari denied 396 U.S. 841 (1969); John L. Ashby, 50 T.C. 409 (1968); Wm. Andress, Jr., 51 T.C. 863 (1969), affirmed per curiam 423 F.2d 679 (C.A. 5, 1970). In this particular area of the law, dealing as it does with deductions previously abused, Congress has *121 attempted to tighten the requirements that must be met to entitle a taxpayer to the deductions. This strictness significantly narrows the zone of uncertainty surrounding the deductibility of certain expenses. This is achieved by imposing stricter record keeping requirements on taxpayers. As noted in the Sanford case, the "so-called Cohan rule" is no longer applied with respect to these types of deductions. 7 On this record we agree with respondent that the claimed expenses for 1965 were properly disallowed. There was no corroborating testimony offered to buttress petitioner's vague testimony. The corroboration and the testimony of the taxpayer in LaForge v. Commissioner, 434 F.2d 370 (C.A. 2, 1970), affirming in part and reversing in part 53 T.C. 41 (1969), was more direct and helpful than here. See Norman E. Kennelly, 56 T.C. 936 (1971); Nicholls, North, Buse Co., 56 T.C. 1225 (1971). For 1965 respondent also disallowed $272 of a claimed $472 "employee business expense" deduction. Petitioner offered no evidence on this item. Consequently, we approve respondent's determination. Petitioner's 1965 Federal income *122 tax return was received on April 14, 1967 . No extensions of time were requested by the petitioner; nor has he given us any reason to explain the late filing. Therefore, we sustain the addition to tax under section 6651(a) for that year. There were three itmes in the 1967 deficiency determined by the respondent. The major item is again an employee travel and entertainment expense deduction. The other two items relate to claimed legal and medical expenses. At trial the petitioner admitted that $230 of the legal expense incurred in 1967 was of a 8 personal nature and nondeductible. It was a fee charged in connection with the purchase of a new house. A statement from an attorney was offered in evidence by petitioner. It shows two charges: one for the real estate closing and one for fees in connection with certain lawsuits. The bill does not show any payment. It totals $480 and the claimed deduction was $580. In view of the petitioner's failure to prove payment of the bill, we decide the issue for the respondent. The same situation prevails with respect to the claimed medical expenses. No evidence of payment was adduced. Even the less stringent requirements of substantiation *123 under the general deduction categories have not been met here. With nothing except an allegation in the petition that the respondent erred in disallowing the deduction, we sustain respondent on this issue. For 1967 the petitioner submitted 49 Travel Expense Reports to his employer. Each of these reports covered a one-week period. Total entertainment expenses of $1,804.23 are shown thereon, with business travel of 23,946 miles. The identity of the person entertained is shown for $606.50 of the entertainment expenses. The report forms are carefully drafted to comply with the substantiation requirements of section 274. The instructions on the back of the 9 forms are explicit in what they require in order to satisfy the reporting requirement of the employer. Thus, we hold that the petitioner is entitled to deduct $606.50 for entertainment expenses in 1967. Under Rev. Proc. 66-10, 1966-1 C.B. 622, we think a mileage expense deduction of $2,126.22 is justified. This is $536.56 less than the deduction claimed. In our view the travel expense reports are sufficiently detailed to permit this deduction. The revenue procedure contemplated a simplified method of *124 establishing this deduction due to the difficulty of proving it exactly. To reflect our conclusion herein, Decision will be entered under Rule 50. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩