JAMES S. COURSEY, JR. and JANE L. COURSEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Coursey v. Commissioner
Docket No. 6857-70
United States Tax Court
T.C. Memo 1974-43; 1974 Tax Ct. Memo LEXIS 275; 33 T.C.M. (CCH) 205; T.C.M. (RIA) 74043; February 20, 1974, Filed. James S. Coursey, Jr., pro se. Christopher Rhodes, for the respondent FAY
MEMORANDUM FINDINGS OF FACT AND OPINION
*276 FAY, Judge: [1] Respondent determined deficiencies in petitioners' Federal income tax for the taxable years 1966 and 1967 in the amounts of $1,147.05 and $1,267.36, respectively. The issue presented for our decision is whether respondent has properly disallowed a certain portion of the amounts claimed as deductions by petitioners under the following headings: (1) Hotel and food expenses (2) Automobile expenses (3) Airplane travel expenses (4) Business transaction expenses Petitioners, James S. Coursey, Jr., and Jane L. Coursey, are husband and wife who maintained their residence in Louisville, Kentucky, at the time the petition herein was filed. They filed joint Federal income tax returns for the taxable years 1966 and 1967 with the district director of internal revenue in Louisville, Kentucky. Any reference to "petitioner" hereinafter shall be deemed to mean James S. Coursey, Jr. During the taxable years 1966 and 1967 petitioner's *277 occupation was that of a manufacturer's respresentative for various companies. He was compensated on the sales he made on a commission basis. Petitioner's business was of a nature that required frequent travel to visit and solicit orders from various customers located throughout the state of Kentucky. Most of his travel for business purposes was done by automobile and at times he was required to stay away from home overnight. On these occasions, petitioner obtained lodging and food at various hotels and restaurants throughout the state. Petitioner maintained a series of monthly diaries for each of the taxable years in issue. These diaries, along with cancelled checks for the year 1967 to various lodging establishments, were offered by petitioners as substantiation for the claimed hotel and food expenses. The twelve monthly diaries for 1966 and the twelve monthly diaries for 1967 indicate the date of a particular expenditure, the cost of the lodging, the cost of meals and various other miscellaneous items. These diaries however omit the location and the business purpose of the away-from-home expenditures. During the years in question petitioner and Mrs. Coursey each operated *278 their own automobile. Mrs. Coursey's use of her automobile was strictly for personal pleasure or errands, such as trips to the grocery store. Petitioner's automobile, although used mainly for business purposes, was also used occasionally for personal activities. Petitioner save his cancelled checks from 1966 which reflected payments to various oil companies; he also saved his cancelled checks from 1967 which reflected payments to oil companies and to a car rental company. The total of the checks for each of the years, however, do not equal the amounts claimed in those years. Furthermore, the checks represent expenditures for both business and personal use and are not separated in any manner. On their 1966 and 1967 Federal income tax returns petitioners claimed as deductions the following amounts in the manner indicated: 1966
1967 hotel and food expenses
$3,790.84
$4,192.75
automobile expenses
3,837.48
4,164.67
airplane travel expenses
236.90
130.42
business transaction expenses
2,205.80
2,435.55
In his statutory notice of deficiency dated October 13, 1970, respondent disallowed the above claimed deductions to the extent as follows: 1966
Amt. Claimed
Amt. Allowed
Amount Disallowed hotel and food expenses
$3,790.84
$1,565.55
$2,225.29
automobile expenses
3,837.48
2,054.42
1,783.06
airplane travel expenses
236.90
102.58
134.32
business transaction expenses
2,205.80
963.91
1,24l.89
1967
hotel and food expenses
$4,192.75
$1,789.23
$2,403.52
automobile expenses
4,164.67
2,411.21
1,753.46
airplane travel expenses
130.42
0
130.42
business transaction expenses
2,435.55
767.41
1,668.14
*279 OPINION Hotel and Food Expenses For the taxable years 1966 and 1967 petitioner claimed deductions for hotel and food expenses in the amounts of $3,790.84 and $4,192.75 respectively. Respondent has conceded a portion of these deductions but has disallowed the remainder on the basis of petitioner's failure to substantiate the expenditures under the guidelines of section 274(d) [2] of the Internal Revenue Code of 1954, as amended, and the accompanying regulations. *280 Section 274(d) provides that expenditures for meals and lodging while away from home for business purposes are not allowable as deductions unless the taxpayer substantiates, by adequate records or by sufficient evidence corroborating his own statement, the essential elements pertaining to the nature and business of the travel. These elements include the amount of the expenditure, the time and place of the travel and the business purpose of the expense. The Commissioner has been given regulatory authority under section 274(h)[3] to amplify and clarify the above substantiation requirements. To this effect section 1.274-5(c) of the Income Tax Regs. has been promulgated. We, therefore, look to this regulation for guidance. Section 1.274-5(c) (2), Income Tax Regs. *281 [4] provides that a diary account book or other similar record in which the taxpayer records the elements of travel expenses while away from home contemporaneously with each expenditure satisfies the adequate records requirements of section 274(d). Further, this regulation provides that entries in a diary or account book of expenditures of less than $25 do not require additional documentary evidence for the purposes of section 274(d), except for any expenditure for lodging while traveling away from home. See section 1.274-5(c) (2) (iii), Income Tax Regs.
*282 In the matter before us petitioner has offered, as substantiation for the hotel and food expenses claimed, a series of monthly diaries he maintained for each of the years in issue. Additionally, he has presented the Court cancelled checks representing payment to various lodging establishments in the taxable year 1967. [5] We find these diaries and the cancelled checks insufficient to substantiate the claimed deductions for the purposes of section 274(d). The twelve monthly diaries for each of the taxable years 1966 and 1967 fall far short of complying with the requirements of section 274(d). Although these diaries include the date the expenditures were made and the cost of lodging, meals and various other miscellaneous items, they do not, however, reflect either the location of petitioner's travel or the business purpose for which the travel was undertaken. Since these omissions are necessary elements under the guidelines of section 274(d) and section 1.274-5(c) (2), Income Tax Regs., we can only conclude that *283 the diaries are inadequate to substantiate the claimed deductions. The cancelled checks to various lodging establishments for the year 1967, which petitioner has presented in support of his claims, also fail to adequately document the expenditures in issue. [6] Although the checks provide more information concerning the hotel expenditures than do the diaries, they also fail to reflect the business purpose for which the checks were allegedly used. See section 1.274-5(c) (2) (iii) (b). Moreover, the total amount of the cancelled checks representing payment for lodging in 1967 does not equal the amount conceded by respondent as being appropriate for hotel and food expenses for that year. Furthermore, petitioner has not introduced corroborating evidence in his support. Compare LaForge v. Commissioner, 434 F.2d 370 (C.A. 2, 1970), reversing in part and affirming in part 53 T.C. 41 (1969); see also the current version of *284 section 1.274-5(c) (3). Income Tax Regs. Although he has testified to the general business nature of these expenditures, he has not furnished the Court with the specificity required under section 274(d). Accordingly, since petitioner has not supplied the necessary elements of specific location or business purpose of each expenditure required to support these deductions, see section 1.274-5(b) (2), we hold that petitioner is not entitled to deductions for hotel and food expenses in the years 1966 and 1967 in excess of the amounts conceded by respondent. Automobile Expenses Petitioner has claimed deductions of $3,837.48 and $4,164.67 as automobile expenses in 1966 and 1967 respectively, whereas respondent has allowed $2,054.42 and $2,411.21 for these same years. In support of the claimed deductions petitioner testified to the general nature of his business, and the concomitant travel it requires. However, petitioner further testified that the computations he used in reaching the deductions claimed for automobile expenses included amounts attributable to the personal nonbusiness use of his wife's automobile. In this regard, petitioner has not presented us with an accurate *285 means of segregating his deductible business expenses from those nondeductible personal expenditures, and we decline to speculate on our own as to their respective amounts. Accordingly, we hold that petitioner has failed to satisfy his burden of proving that he should be allowed deductions in excess of the amounts conceded by respondent. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Therefore respondent's determination must be sustained. Furthermore, even if there were no problems in determining the amounts of the nondeductible personal expenses and the deductible business expenses, petitioner's lack of sufficient record keeping would force us to disallow the claimed deductions under section 274. See section 1.274-5, Income Tax Regs.
Petitioner has failed to present the Court with the specifics required by section 274(d) to substantiate deductions for the transportation costs of business travel. [7] Even though he has offered cancelled checks from 1966 and 1967, representing payment to various petroleum companies and an automobile rental company, such documentation is insufficient to *286 support the amounts petitioner has claimed. The checks, in their entirety, are not limited to the costs of business travel. In part, they represent nondeductible personal expenditures and, as previously indicated, we have been offered no acceptable means of separating the two amounts. Additionally, the total amounts of the checks for gasoline and rental expenditures for each of the years in issue are lower than the amounts claimed by petitioner on his Federal income tax returns. Therefore, respondent's determination must prevail. Airplane Travel Expenses Petitioner has claimed deductions on his Federal income tax returns for airplane travel in the amounts of $236.90 for the year 1966 and $130.42 for the year 1967. Respondent allowed the deduction in 1966, but only to the extent of $102.58 and disallowed the claimed deduction for 1967 entirely. We conclude that petitioner has failed to prove that respondent's determination was erroneous. Welch v. Helvering, supra.Petitioner has *287 offered us no evidence in support of his claims, other than vague testimony concerning business trips and conventions. We find this testimony insufficient to substantiate the deductions claimed by petitioner. See section 274(d). We therefore hold for respondent in regard to this issue. Business Transaction Expenses On his 1966 Federal income tax return petitioner claimed a deduction of $2,205.80 under the heading of "Business Transaction Expenses." Respondent has allowed this deduction to the extent of $963.91. On his 1967 return the amount claimed as a deduction was $2,435.55, and the amount respondent has allowed is $767.41. We hold respondent's determination to be correct. Viewing the record we are not entirely certain what expenditures petitioner has claimed under the heading "Business Transaction Expenses". His testimony characterized the expenses as "chargebacks" from the various companies he represented, but no further explanation was forthcoming. Petitioner has offered no evidence, other than his uncorroborated testimony, in support of this claimed deduction. And, although petitioner indicated that the companies he represented had "probably" sent statements *288 regarding these "chargebacks" to him, he has not presented them to the Court in his support. We therefore hold that petitioner has not met the burden of proof imposed upon him to support these deductions. Welch v. Helvering, supra; Rule 142(a) Tax Court Rules of Practice and Procedure. Respondent's determination must therefore prevail. Decision will be entered for the Respondent Footnotes
1. Pursuant to a notice of reassignment sent to petitioners and respondent, and to which no objections were filed, this case was reassigned by the Chief Judge on July 5, 1973 from Judge Austin Hoyt to Judge William M. Fay↩ for disposition. 2. SEC. 274. DISALLOWANCE OF CERTAIN ENTERTAINMENT, ETC. EXPENSES. (d) Substantiation Required. - No deduction shall be allowed - (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home), (2) for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, or with respect to a facility used in connection with such an activity, or (3) for any expense for gifts, unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility, or receiving the gift. The Secretary or his delegate may by regulations provide that some or all of the requirements of the preceding sentence shall not apply in the case of an expense which does not exceed an amount prescribed pursuant to such regulations. ↩
3. SEC. 274. DISALLOWANCE OF CERTAIN ENTERTAINMENT, ETC. EXPENSES. (h) Regulatory Authority. - The Secretary or his delegate shall prescribe such regulations as he may deem necessary to carry out the purposes of this section, including regulations prescribing whether subsection (a) or subsection (b) applies in cases where both such subsections would otherwise apply. ↩
4. Sec. 1.274-5(c) (2). Substantiation by adequate records - (i) In General. To meet the "adequate records" requirements of section 274(d), a taxpayer shall maintain an account book, diary, statement of expense or similar record (as provided in subdivision (ii) of this subparagraph) and documentary evidence (as provided in subdivision (iii) of this subparagraph) which, in combination, are sufficient to establish each element of an expenditure specified in paragraph (b) of this section. It is not necessary to record information in an account book, diary, statement of expense or similar record which duplicates information reflected on a receipt so long as such account book and receipt complement each other in an orderly manner. (ii) Account book, diary, etc. An account book, diary, statement of expense or similar record must be prepared or maintained in such manner that each recording of an element of an expenditure is made at or near the time of the expenditure. (a) Made at or near the time of the expenditure. For purposes of this section, the phrase "made at or near the time of the expenditure" means the elements of an expenditure are recorded at a time when, in relation to the making of an expenditure, the taxpayer has full present knowledge of each element of the expenditure, such as the amount, time, place and business purpose of the expenditure and business relationship to the taxpayer of any person entertained. An expense account statement which is a transcription of an account book, diary, or similar record prepared or maintained in accordance with the provisions of this subdivision shall be considered a record prepared or maintained in the manner prescribed in the preceding sentence if such expense account statement is submitted by an employee to his employer or by an independent contractor to his client or customer in the regular course of good business practice. (b) Substantiation of business purpose. In order to constitute an adequate record of business purpose within the meaning of section 274(d) and this subparagraph, a written statement of business purpose generally is required. However, the degree of substantiation necessary to establish business purpose will vary depending upon the facts and circumstances of each case. Where the business purpose of an expenditure is evident from the surrounding facts and circumstances, a written explanation of such business purpose will not be required. * * * (c) Confidential information. * * * (iii) Documentary evidence. Documentary evidence, such as receipts, paid bills, or similar evidence sufficient to support an expenditure shall be required for - (a) Any expenditure for lodging while traveling away from home, and (b) Any other expenditure of $25 or more, except, for transportation charges, documentary evidence will not be required if not readily available. provided, however, that the Commissioner, in his discretion, may prescribe rules waiving such requirements in circumstances where he determines it is impracticable for such documentary evidence to be required. Ordinarily documentary evidence will be considered adequate to support an expenditure if it includes sufficient information to establish the amount, date, place, and the essential character of the expenditure. For example, a hotel receipt is sufficient to support expenditures for business travel if it contains the following: name, location, date, and separate amounts for charges such as for lodging, meals, and telephone. Similarly, a restaurant receipt is sufficient to support an expenditure for a business meal if it contains the following: name, and location of the restaurant, the date and amount of the expenditure, and, if a charge is made for an item other than meals and beverages, an indication that such is the case. A document may be indicative on only one (or part of one) element of an expenditure. Thus, a cancelled check, together with a bill from the payee, ordinarily would establish the element of cost. In contrast, a cancelled check drawn payable to a named payee would not by itself support a business expenditure without other evidence showing that the check was used for a certain business purpose. (iv) Retention of documentary evidence. * * * (v) Substantial compliance. * * * ↩
5. The cancelled checks petitioner has presented for the taxable year 1966 do not contain any checks representing payment for lodging. ↩
6. Had the diaries and the cancelled checks presented by petitioner combined to satisfy the elements of substantiation required of section 274(d)↩, we would have been inclined to view petitioner's claims in a more favorable light. 7. These include, inter alia, the date, location, mileage driven and business purpose of each particular trip. See section 1.274-5, Income Tax Regs.↩