JOSEPH WEINSTOCK and SHIRLEY WEINSTOCK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Weinstock v. Commissioner
Docket No. 1112-73
United States Tax Court
T.C. Memo 1975-10; 1975 Tax Ct. Memo LEXIS 361; 34 T.C.M. (CCH) 42; T.C.M. (RIA) 750010; January 15, 1975, Filed Edward Newman, for the petitioners. E. Noel Harwerth, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, *362 Judge: Respondent determined deficiencies in petitioners' income taxes in the amounts of $12,610.28 for the taxable year 1966 and $957.00 for the taxable year 1967. The deficiencies were based upon the disallowance in whole or in part of various deductions claimed for 1966 for use of a room in petitioners' personal residence for business purposes, commission expenses, bad debts, subscription expense, printing and postage, automobile expenses, including depreciation, plane fares, "food on the road" and hotel expenses, advertising and promotion, entertainment, and, with respect to 1967, "other necessary expenses in connection with earning income and collections," and medical expenses. [1]
Some of the facts are stipulated and are found accordingly. Petitioners resided in Jericho, New York, at the time they filed their petition herein. Their returns were filed with the district director of internal revenue in Brooklyn, New York. Petitioner Joseph *363 Weinstock (hereinafter referred to as "petitioner") was an independent jobber and sales agent for stationery and office supplies during the taxable years in question and travelled in connection with that business. The burden of proof is on the petitioner. Rule 142(a), Rules of Practice and Procedure of this Court. With one exception, we find that petitioners have failed to satisfy their burden. The record herein is woefully lacking in providing a foundation to support petitioners' claims. Petitioner was the principal witness and his testimony was vague, confusing, and unpersuasive even if we were to accept it at face value, which we are not required to do. Banks v. Commissioner,322 F.2d 530, 537 (C.A. 8, 1963), affirming on this issue T.C. Memo. 1961-237; Braunstein v. Commissioner,305 F.2d 949, 952 (C.A. 2, 1962), affirming 36 T.C. 22 (1961), affirmed on other grounds, 374 U.S. 65 (1963); Carter v. Commissioner,257 F.2d 595, 599 (C.A. 5, 1958), affirming T.C. Memo. 1957-65. The only other witness was one Pinkwater, the president of the company from which petitioner *364 obtained most of the merchandise which he sold. His testimony added little to Joseph Weinstock's own testimony. Moreover, insofar as expenses covered by section 274(d) [2] are concerned, Pinkwater's testimony fell far short of the requirement of "sufficient evidence corroborating his [the taxpayer's] own statement." Compare LaForge v. Commissioner,434 F.2d 370 (C.A. 2, 1970), remanding 53 T.C. 41 (1969). See Norman E. Kennelly,56 T.C. 936, 943 (1971), affirmed in open court, 456 F.2d 1335 (C.A. 2, 1972). The record is replete with indications of where testimony of other persons might have furnished specific content as well as corroboration of petitioner's testimony. This is particularly true with respect to the documentary evidence which petitioner asserts formed the basis for the deductions claimed on the tax returns and which he claims have been lost. For various reasons, most of which were not beyond petitioner's ability to cope with, that testimony was not made available and petitioners must bear the consequences. Hence, assuming petitioner's records were lost, he has not, on the record before us, substantiated *365 the deductions falling within the ambit of section 274 "by reasonable reconstruction of his expenditures." See section 1.274-5(c)(5), Income Tax Regs.[3]
With respect to the deduction of those items of expense covered by section 274, we have already noted that petitioners failed to satisfy the substantiation requirements of subsection (d) of that section, even if we were satisfied, which we are not, that, to the extent claimed, all of such items were "ordinary and necessary" within the meaning of section 162. With respect to the bad debt deductions, assuming that an obligation was incurred on the part of petitioner (which respondent does not appear to question), petitioners did not carry their burden of proving any of the following factors required by section 166: (a) that Joseph Weinstock paid the amounts claimed, (b) that the debts became wholly or partially worthless during the years in issue, (c) that they constituted business bad debts, or (d) in the case of one indebtedness *366 where petitioner appears to have been a guarantor of a noncorporate obligation, that the requirements of section 166(f) were met. For the taxable year 1966, petitioners detailed a variety of categories of deductions on Schedule C of their return, some of which were allowed in full and the balance herein in dispute disallowed, in whole or in part, by respondent. For 1967, deductions in the amount of $2,888.25 were lumped together in a category described as "other necessary expenses in connection with earning income and collections." While the testimony as to these deductions was also extremely vague, confusing, and, on the whole, unpersuasive, we are satisfied that certain amounts were in fact expended for business purposes. Using our best judgment and keeping in mind that petitioners have the burden of proof, we find that a deduction for these items should be allowed to the extent of $500 as ordinary and necessary business expenses under section 162. Cohan v. Commissioner,39 F.2d 540 (C.A. 2, 1930). We so hold. As to the medical expense deduction, petitioners offered no evidence in respect of the "special nursing" charges claimed in 1967 and specifically *367 disallowed. We, therefore, consider this item abandoned. The balance of the medical expenses which were disallowed because of the percentage limitations of section 213 may now be allowable under those limitations and must be dealt with in the Rule 155 computation. Our views as expressed herein were stated from the bench at the conclusion of the trial. Our review of the record herein satisfies us that no change in these views is required and that briefs, which the Court directed not be filed, would add absolutely nothing and could not possibly cause any modification in the findings and conclusions previously set forth -- findings and conclusions which are based upon our evaluation of the record as a whole and of the demeanor of the witnesses who appeared before us. Decision will be enteredunder Rule 155.
Footnotes
1. With respect to 1966 and to a large degree with respect to 1967, the medical expense disallowance was an automatic adjustment resulting from the disallowance of the other deductions and the resulting increase in adjusted gross income.↩
2. All references herein are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years involved.↩
3. See William C. Silver, Jr.,T.C. Memo. 1972-102↩.