JIMMIE DALE BURKETT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Burkett v. Commissioner
Docket No. 2579-74.
United States Tax Court
T.C. Memo 1976-33; 1976 Tax Ct. Memo LEXIS 373; 35 T.C.M. (CCH) 136; T.C.M. (RIA) 760033; February 4, 1976, Filed Jimmie Dale Burkett, pro se. Ralph W. Jones, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined a deficiency of $2,081.04 in petitioner's Federal income tax for the year 1970. Most of the issues have been settled or conceded leaving the following for our consideration: (1) Whether petitioner has satisfied the substantiation *374 requirements of section 274(d) with respect to meals purchased while away from home; and (2) whether petitioner is entitled to deduct automobile rental expenditures incurred while undergoing away from home job training at the request of his employer. FINDINGS OF FACT Petitioner Jimmie D. and Julie A. Burkett [1] filed a joint Federal income tax return for the year 1970 with the Western Service Center, Ogden, Utah. He resided near Boise, Idaho, at the time he filed his petition with this Court. During the year in issue, petitioner was employed as a co-pilot by American Airlines and was stationed at the San Francisco International Airport. He resided with his family in San Jose, California. During 1970, petitioner was away from home 50 nights fulfilling his duties as a co-pilot. He maintained a journal in which he recorded by separate entry the day, time, and destination of each of his flight assignments along with amounts spent en route in the purchase of his meals. In many places, petitioner's journal contains entries which appear inconsistent *375 or overstated. Entries have often been made for mealtimes when petitioner was supplied in flight with meals free of charge by his employer. In addition, entries in the journal frequently show more than a normal number of meals consumed in a single day. [2] Journal entries pertaining to flight arrival and departure times were recorded on the left hand side of the page. These entries were made by as many as twelve pens and pencils in different tints of blue and black ink. Journal entries pertaining to meal purchases were recorded on the right hand side of the page. These entries are written in a single tint of blue ink. In order to enhance his eligibility to pilot more sophisticated aircraft, petitioner was requested to attend a flight school sponsored by *376 his employer in Fort Worth, Texas. While receiving flight training, petitioner resided with the other students at a motel located eight miles from the school. Although periodic round-trip transportation was provided by the school, petitioner elected to rent an automobile during his two months' attendance at the school. The automobile was used by petitioner for travel between the motel and flight school. It was also used by petitioner for personal endeavors not connected with the school or his employer. On his Federal income tax return for 1970, petitioner deducted expenses of $2,419.22 for meals purchased while away from home and $267.04 for automobile rental fees. These deductions were disallowed and a deficiency determined in a statutory notice mailed January 18, 1974. OPINION In 1970, petitioner spent 50 nights away from home in pursuit of his trade or business and claimed deductions of $2,419.22 for meals purchased. Despite the existence of petitioner's detailed journal, respondent contends that petitioner has not adequately substantiated these expenses within the meaning of section 274(d). [3] He argues that petitioner's log is replete with inaccuracies and inconsistencies *377 and that it is, therefore, unworthy of credence. We agree that the journal is of dubious integrity and sustain respondent's contention. Section 274(d) provides that expenditures for meals purchased while away from home are not allowable as deductions unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statements the amount, time, and place of the expenditures. In view of obvious inaccuracies throughout the document, the multiple meals in particular, we cannot find that the journal is a reliable documentation of petitioner's expenses. Moreover, the consistent use of a single *378 blue pen in recording the meal expenditures, as opposed to the use of different color pens in recording flight data, gives us reason to believe that many of these entries, purportedly made over the span of a year, may have been made at the same time. In view of all the evidence and testimony, petitioner has not indicated to our satisfaction that these entries were made concurrently with the actual expenditure. Such procedure is clearly contrary to that prescribed by the regulation requiring records to be "made at or near the time of the expenditure." Sec. 1.274-5(c), Income Tax Regs.
We therefore hold that the journal introduced by petitioner does not satisfy the requirements of the statute. Accordingly, petitioner has failed to sustain his burden of proof on this issue. LaForge v. Commissioner,434 F.2d 370 (2d Cir. 1970), affg. in part and revg. in part on other grounds, 53 T.C. 41 (1969). Regarding the automobile rental expense, petitioner kept no records but did produce checks written to automobile rental agencies for the total amount claimed. Petitioner's testimony, however, indicates that his use of the automobile was not exclusively for business *379 purposes. This dual purpose warrants an allocation between business and nonbusiness use. International Artists, Ltd.,55 T.C. 94 (1970). Having introduced no evidence apportioning the use between business and personal, petitioner has failed to sustain his burden on this issue as well. Decision will be entered under Rule 155.
Footnotes
1. Petitioner and Julie A. Burkett are since divorced. Hence, petitioner filed his petition with this Court solely in his own behalf.↩
2. For example, during one flight on March 30-April 1, 1970, covering an elapsed time of 29 hours, 24 minutes, petitioner's journal records that he ate three breakfasts, two lunches, two dinners, and two snacks at a total cost of $63.50. Another entry records petitioner as having eaten one breakfast, one lunch, two dinners, and one snack at a total cost of $44.00 during an August 21 flight which covered 21 hours, 53 minutes.↩
3. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended. SEC. 274. DISALLOWANCE OF CERTAIN ENTERTAINMENT, ETC. EXPENSES. (d) Substantiation Required.--No deduction shall be allowed-- (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home), * * * unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, * * *.↩