Arthur HUGHES, Appellant,

v.

COMMISSIONER OF INTERNAL REV-
ENUE, Appellee.

No. 85, Docket 71-1298.

United States Court of Appeals,
Second Circuit.

Argued Oct. 27, 1971.

Decided Dec. 7, 1971.

Gabriel T. Pap, New York City, for
appellant.

John M. Scott, Dept. of Justice, Wash-
ington, D. C. (Johnnie M. Walters, Asst.
Atty. Gen., Meyer Rothwacks, Grant W.
Wiprud, Dept. of Justice, Washington,
D. C., on the brief), for appellee.

Before LUMBARD, HAYS and
OAKES, Circuit Judges.

OAKES, Circuit Judge:

This uncomplicated appeal relates to
the business entertainment expense de-
duction provisions of the Internal Reve-

nue Code and the pertinent Treasury Regulations. Appellant Hughes in 1963 and 1964 was a television stage manager in the New York studios of Columbia Broadcasting System. He frequently bought coffee, doughnuts and sandwiches for his crew's consumption at nearby cafeterias and occasionally bought them drinks at local bars. These gratuities reflected an apparent custom in the trade, as they were offered ostensibly to sustain the morale and productivity of the crew. Aside from some billing statements from one of the bars, Hughes did not retain receipts for, nor keep records of, the expenses thus incurred, but claimed an estimated total expenditure each year as a business entertainment expense deduction on his personal income tax returns for 1963 and 1964.[1] The Commissioner of Internal Revenue and subsequently the Tax Court ruled that the expenses so claimed were not deductible because they were not substantiated properly as required by § 274(d) of the Internal Revenue Code.

Section 162(a) of the Internal Revenue Code permits an individual to deduct from his gross income "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." Cohan v. Commissioner of Internal Revenue, 39 F.2d 540 (2d Cir. 1930), first enunciated the rule that if a taxpayer could prove that he had incurred deductible travel or entertainment business expenses of an inexact amount, the Revenue Service must make "as close an approximation as it can" of the amount spent, since "to allow nothing at all appears . . . inconsistent with saying that something was spent." 39 F.2d at 544. The *Cohan* doctrine gave rise to such extensive expense account abuses that Congress in the Revenue Act of 1962 expressly rejected it, holding taxpayers to considerably more rigid requirements vis-a-vis the proof or substantiation of business entertainment and related expenses.

Section 274[2] of the Code disallows business entertainment expenses altogether "unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense . . ., (B) the time and place of the . . . entertainment . . ., (C) the business purpose of the expense . . ., and (D) the business relationship to the taxpayer of persons entertained. . . ."

The Treasury Regulations pursuant to § 274 state that "adequate records" are "an account book, diary, statement of expense or similar record . . . and documentary evidence . . . which, in combination, are sufficient to establish each element of an expendi-

---

1. In 1963 and 1964 respectively, appellant reported a gross income of approximately $12,500 and $17,000, and stated expenses "of food and beverages furnished under circumstances conducive of business discussions" as follows:

During year 1963 ..... $347.82
At my home, 32 people for drinks $2.00 ea. ................... 64.00
At bars through 44 weeks $6.00 per week ... 264.00
For 179 fays [sic] about 8 stagehands and 3 to 4 from other departments, drinks, or doughnuts, or sandwiches for 60¢ ea. ............. 1,235.10

(1963) Total $1,910.92

At my home, 26 people for drinks $2.50 ea. .... $549.47 [sic]
At bars through 42 weeks $6.00 per week .. 65.00 [sic]
For 186 days about 8 stagehands and 3 to 4 from other departments, drinks, or doughnuts, or sandwiches for 60¢ ea. (186 x 11½ x 60¢) .. 1,283.40

(1964) Total $2,149.87 [sic]
During the litigation below, appellant reduced the amounts claimed to $1,754.77 for 1963 and $1,920.56 for 1964; on this appeal he abandoned his claim to the costs of the parties in his home and of food and beverages consumed by himself during both years.

2. Int.Rev.Code of 1954, § 274.

ture. . . ." § 1.274–5(c) (2). The Regulations continue that if the taxpayer fails to meet the adequate records requirement, he must establish each element of the expenditure:

> (i) By his own statement in writing containing specific information in detail as to such element; and

> (ii) By other corroborative evidence sufficient to establish such element.

> If such element is . . . the cost, time, place or date of an expenditure, the corroborative evidence shall be direct evidence, such as a statement in writing or the oral testimony of persons entertained or other witnesses setting forth detailed information about such element. . . . Treas.Reg. § 1.274–5(c) (3).[3]

Finally, according to the applicable legislative history, "sufficient corroborative evidence," relative at least to the amount of any expense, means "oral testimony of the taxpayer plus more specific evidence." [4]

The only records put in evidence by appellant to substantiate his expenditures were checks and billing statements from an inn in Fresh Meadows, New York, near his home, where he—according to his own testimony—had bought drinks occasionally for his boss and a few stagehands. The checks and statements on their face did not differentiate those drinks bought for business guests from drinks and food bought for appellant's own consumption or that of his so-

cial companions. Aside from the checks and statements, and appellant's own written and oral estimates of his expenses for food and drink both at studios and in bars, the only evidence arguably supportive of appellant's claimed expenses was the oral testimony of two witnesses.

One Beraud had seen appellant buying drinks at bars and entertaining stagehands at the studios of CBS; however, Beraud also testified that it was customary, when stagehands were entertained, for social friends of studio personnel to be treated to the same food or beverages. Corcoran, a stage manager like appellant, testified that he had worked on many shows with appellant and had seen him "entertaining." Corcoran also said that as a stage manager he, Corcoran, spent seven or eight dollars a day on coffee, doughnuts and sandwiches, and, as Beraud had said, that non-crew persons were not excluded when entertaining was done at studios or bars.

■■■ We hold that the Tax Court's decision that appellant failed to meet the substantiation requirements of § 274 is not "clearly erroneous" within the standard of Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 291, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960),[5] and accordingly we affirm. The checks and billing statements from the inn at Fresh Meadows evidenced the times and amounts of appellant's expenditures there, but neither written records nor other substantiating evidence were introduced to establish the

---

3. *But see* the discussion of LaForge v. Commissioner of Internal Revenue, *infra.*

4. H.R.Rep. No. 1447, 87th Cong., 2d Sess. 23 (1962) (1962–63 Cum.Bull. 405, 427); S.Rep. No. 1881, 87th Cong., 2d Sess. 35 (1962) (1962–63 Cum.Bull. 707, 741); U.S. Code Cong. & Admin. News 1962, p. 3338.

5. The United States Courts of Appeals have exclusive jurisdiction to review decisions of the Tax Court in the same manner and to the same extent as decisions in the district courts in civil actions tried without a jury. Int.Rev.

Code of 1954, § 7482(a). Where the trial has been by a judge without a jury, the judge's findings must stand unless "clearly erroneous." Fed.R.Civ.P. 52(a). In *Duberstein* the Supreme Court applied to the review of Tax Court fact-finding decisions the "clearly erroneous" test of United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948), *i. e.,* "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."

business purpose of the expenses. Furthermore, only appellant's uncorroborated general oral statement was presented to establish the business relationship of the taxpayer and the persons entertained on each occasion, and no statement was made or appeared on the billing documents or checks regarding the amount spent at the inn for appellant's own food or drink, or whether in fact he was entertaining anyone at the time each expense was incurred. It would be wholly to disregard the statute and regulations to hold that such evidence is an "adequate record" or "detailed information" of the cost, purpose and business relationship elements of a business entertainment expenditure.

■ The claimed deductions based on purchases of drinks in other bars and coffee, doughnuts and sandwiches in cafeterias near the CBS studios also lack sufficient substantiation under the "adequate records" or "other evidence" alternatives of § 274. Appellant produced no written records, receipts or other information to substantiate his own declarations; and no corroborative evidence was presented in the nature of "direct evidence, such as a statement . . . of persons entertained or other witnesses setting forth detailed information." Beraud's statement that he had seen appellant entertaining stagehands in bars and at the studios is much too general and insufficiently detailed—it is not specific as to time, place, purpose or amount. Were we to hold otherwise, with a little trading back and forth from day to day well-nigh every drink at every bar, every doughnut and every cup of coffee bought in the United States would wind up as a deduction on somebody's tax return. Similarly, Corcoran's statement that his own coffee, doughnut and sandwich expenses averaged seven or eight dollars a day throws no corroborative light on appellant's claims, lest we establish a minimum snack expense deduction for all stage managers.

Appellant contends that LaForge v. Commissioner of Internal Revenue, 434 F.2d 370 (2d Cir. 1970), took the ground almost entirely from under Treas.Reg. § 1.274–5(c) (3), quoted above, on the basis that the regulation's requirements of written statements operated to nullify the second disjunctive phrase in § 274 allowing substantiation of a taxpayer's expenses "by sufficient evidence corroborating his own statement." Therefore, appellant argues, the testimony of Beraud and Corcoran ought to be given conclusive weight as sufficient corroborative evidence of some of the expenditures. We take a much narrower view of LaForge, however, and find it not only distinguishable from the case at hand but that it in fact illustrates the deficiencies of the substantiation evidence put forth by appellant here.

In LaForge, taxpayer was a hospital surgeon who regularly bought lunches in the hospital cafeteria for his assistants; he did not keep written records itemizing the cost of the lunches, but deducted on his income tax returns $2.00 for each day of the hospital schedule. Hospital rules forbade the cafeteria cashier from issuing receipts, but she testified that taxpayer regularly did buy his lunch and the assistants' lunches at a cost of $2.65 to $3.00 each day. The Tax Court ruled that taxpayer's and the cashier's oral testimony did not fulfill the substantiation requirements of § 1.274–5(c) (3), and disallowed the claimed deductions.

On appeal the taxpayer contended that § 1.274–5(c) (3), by requiring a written statement, disregarded the alternative statutory requirement of substantiation by "sufficient evidence corroborating his own statement." This court agreed, stating "[t]o require a written statement itemizing each expenditure is, in effect, to compel the taxpayer to maintain 'adequate records' and thereby to dismiss from the statute one element of its disjunctive substantiation requirements." 434 F.2d at 372. The court then held that although properly corroborative oral testimony may constitute adequate substantiation, the taxpayer's testimony was not "sufficiently precise" under the regulation, since he had not presented evidence relative to the non-

deductible cost of his own lunches. The court's final decision was to remand the case to the Tax Court to allow taxpayer to prove the cost of his meals as part of his testimonial substantiation.

The significance of *LaForge* is that, even though a written statement may not be required for substantiation, the corroborative evidence must nevertheless establish each statutory element —amount, time, place and purpose—of the expenditure with precision and particularity. In *LaForge* the cashier's oral testimony properly corroborated those elements of the taxpayer's claimed expenses; thus the evidentiary basis for the deduction was established, and the remand was appropriate to allow the taxpayer to subtract only his non-deductible expenditures. In the case before us, however, not only did the corroborative evidence presented not approach the specificity and precision we believe required by the statute and regulations, but there was *no* corroborative evidence whatsoever relative to the statutory elements of all but a minimal number of the claimed expenditures.

Accordingly, we affirm the Tax Court's judgment.