J. HOWARD AND NANCY LENNON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Lennon v. Commissioner
Docket No. 8675-76.
United States Tax Court
T.C. Memo 1978-176; 1978 Tax Ct. Memo LEXIS 338; 37 T.C.M. (CCH) 751; T.C.M. (RIA) 780176; May 11, 1978, Filed Sam G. Winstead, for the petitioners. *barry M. Bloom, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined deficiencies in petitioners' Federal income tax of $3,126.26, $4,035.23 and $4,218.95 for 1972, 1973 and 1974, respectively. Because of concessions by petitioners, the issues for decision are: 1. Whether petitioners are entitled to deduct certain entertainment expenses incurred at the Dallas Petroleum Club in each of the years in issue; and 2. Whether petitioners are entitled to deduct the cost of a party held in 1974 at the Brook Hollow Golf Club. FINDINGS OF FACT Some of the facts have been stipulated by the parties and are found accordingly. At the time they filed their petition, J. Howard and Nancy Lennon were residents of Dallas, Texas. Nancy Lennon is a party *340 only by virtue of having filed joint returns with her husband. When we hereafter refer to petitioner, we will be referring to J. Howard Lennon. Petitioner, an attorney, was a partner in the law firm of Jackson, Walker, Winstead, Cantwell & Miller ("law firm") during the years in issue. The law firm's offices were located in the First National Bank Building in Dallas, in which is also located the Dallas Petroleum Club ("Club"). During the years in issue, the written partnership agreement of the law firm was silent with regard to whether entertainment expenses incurred by the law firm's partners would be reimbursed by the partnership or be charged against a partnership expense account. The general policy followed by the partners was that each partner would bear his entertainment expenses personally except where such expenses were billed directly to a client. During the years in issue petitioner ate lunch almost every business day at the Club, which was located upstairs from the law firm's offices. The Club is a businessmen's club which operates primarily as a luncheon club. The club has rooms for meetings. Business is conducted there daily as a matter of course. Although *341 the Club is open in the evenings, petitioner rarely, if ever, had dinner there. During the years in issue, petitioner sometimes paid only for his own lunch at the Club; [1] at other times he paid for the food and beverages for himself and one or more guests. These guests were usually petitioner's clients, although sometimes they were partners and associates of the law firm. [2] For each meal at the Club at which petitioner entertained a guest, petitioner retained an invoice from the Club setting forth the date and the amount spent. The great majority of the invoices do not indicate the name or business relationship to petitioner of the individuals entertained. However, on some of the invoices are written the names of one or more guests for whom petitioner purchased food and beverages. *342 During the years in issue petitioner spent the following amounts for food and beverage at lunches where he had one or more guests: 1972
$1,839.94
1973
2,511.91
1974
1,789.86
The invoices identifying petitioner's guest (or from which the identity of the guest can be readily inferred) establish that petitioner spent $102.13 and $298.98 in 1972 and 1973, respectively, to entertain his clients. He spent $17.40 to entertain partners in 1973. Although the invoices for 1974 were misplaced subsequent to the audit, respondent concedes that these invoices indicate the same general type of information as is contained in the invoices for 1972 and 1973. In December 1974 petitioner, whose returns for 1972 and 1973 were being audited, met with a revenue agent who informed petitioner that his (petitioner's) substantiation provided on the invoices was insufficient. The agent recommended that petitioner write on each bill the name of the individual entertained. Petitioner heeded this advice, and he began recording the names of the individuals entertained on the invoices. During 1975 and 1976, 66 percent and 75 percent, respectively, of petitioner's expenses for Club lunches *343 at which he entertained one or more persons (which was approximately 2/3 of his lunches at the Club) were for lunches at which his guests were clients. On June 30, 1974, petitioner gave a party costing $3,871 [3] at the Brook Hollow Golf Club. The occasion for the party was petitioner's birthday.Of the guests invited, approximately 48 percent were petitioner's clients, approximately 17 percent were his partners, and the remainder were his personal friends. Entertainment at the party included a pianist petitioner brought to Dallas from Colorado. No business discussions took place at the party, although petitioner had seen many of the guests in a business context in the months preceding and following the party. In the statutory notice, respondent disallowed all petitioner's claimed deductions for entertainment expenses at the Club and the entire cost *344 of the party. OPINION 1. Dalls Petroleum Club
The first issue is whether petitioner is entitled to deduct entertainment expenses he incurred at the Dallas Petroleum Club ("Club") during the years in issue. Petitioner is a lawyer and partner in the firm of Jackson, Walker, Winstead, Cantwell & Miller ("law firm"), and his offices were located in the same building as the Club during the years in issue. The Club is a businessmen's private club which provides food and beverages and also has rooms for meetings. Petitioner regularly ate lunch at the Club, although he rarely, if ever, ate dinner there. Sometimes petitioner would pay only for his own lunch, while other times he would pay for the lunch of one or more guests in addition to his own. The overwhelming majority of guests entertained by petitioner were either clients or partners in his firm, although he apparently entertained "social" friends a few times during the years in question. Petitioner contends that the expenses for entertaining his clients and partners are fully deductible. Entertainment expenditures are generally *345 deductible if they meet the tests provided in sections 162(a) and 274(a) and (d).Respondent's contention is three-pronged: he argues (1) that the expenditures were not "ordinary and necessary" within the meaning of section 162(a); (2) that the expenditures were not "directly related" to petitioner's business, as required by section 274(a); and (3) that petitioner has not satisfied the substantiation requirements of section 274(d). In his reply brief respondent conceded that expense incurred at the Club for entertaining clients, partners and associates of the law firm were ordinary and necessary expenses within the meaning of section 162. Respondent's second contention, that petitioner has not established that the expenditures were "directly related" to his business as required by section 274(a), is without merit. Section 274(e) specifically provides that section 274(a) does not apply to "business meals." Instead, section 274(e) provides that if the taxpayer can establish that a "business meal" was furnished in surroundings generally conductive to a business discussion, the taxpayer need *346 not establish that the meal was "directly related" to the conduct of his trade or business. We conclude, as explained below, that the Club lunches in issue were "business meals." Petitioner must establish two facts to come within the ambit of section 274(e): first, that the meal furnished was a "business meal," and, second, that it was furnished in surroundings conducive to the conduct of business.As to the first requirement, we found petitioner's testimony that he was entertaining clients and partners very credible, especially in light of the corroborative evidence from later years. Furthermore, petitioner testified that when he entertained his partners, the business of the partnership was discussed. This testimony is sufficient to establish that the meals were "business meals" within the meaning of section 274(e). Section 1.274-2(f)(2)(i)(c), Income Tax Regs. As to the second requirement, we conclude that the Club satisfies the requirements of section 274(e). It is a private businessmen's club, with facilities for private meetings as well as dining. Petitioner testified that the Club was used for business meetings and discussions "as a matter of course," and we believe *347 this testimony. The Club provides the kind of setting to which section 274(e) applies. See section 1.274-2(f)(1)(b), Income Tax Regs. Since both of the tests of section 274(e) are satisfied, we conclude that section 274(a) does not bar a deduction for the expenses petitioner incurred entertaining clients. However, even if sections 162 and 274(a) do not bar the claimed deduction for expenses petitioner incurred entertaining his clients, petitioner is not entitled to deduct entertainment expenses unless the provisions of section 274(d) are complied with. Section 274(d) and the regulations thereunder provide that no deduction is allowable for entertainment unless the expense is adequately substantiated. [4] Specifically, section 1.274-5(b)(3), Income Tax Regs., provides that the following information is needed to substantiate entertainment expenses: (3) Entertainment in general. Elements to be proved with respect to an expenditure for entertainment are-- (i) Amount. Amount of each separate expenditure for entertainment, except *348 that such incidential items as taxi fares or telephone calls may be aggregated on a daily basis; (ii) Time. Date of entertainment; (iii) Place. Name, if any, address or location, and designation of type of entertainment, such as dinner or theater, if such information is not apparent from the designation of the place; (iv) Business purpose. Business reason for the entertainment or nature of business benefit derived or expected to be derived as a result of the entertainment and, except in the case of business meals described in section 274(e)(1), the nature of any business discussion or activity; (v) Business relationship. Occupation or other information relating to the person or persons entertained, including name, title, or other designation, sufficient to establish business relationship to the taxpayer. *349 In this case, the parties agree that petitioner has established the time, place and amount of each claimed expense.The disagreement between the parties centers on petitioner's substantiation of the business purpose and, more particularly, the business relationship to petitioner of the individuals entertained. In this case, the invoices petitioner signed at the Club do not, with a few exceptions, identify the individual entertained or the business purpose of the meeting. It is true, as petitioner contends, that the business purpose of a meal can be inferred from the business relationship of the guest to petitioner, section 1.274-5(c)(2)(b), Income Tax Regs., [5] but it is precisely the identification of the guest that is lacking here. *350 Petitioner contends that his testimony at trial, plus the circumstantial evidence concerning 1975 and 1976 (not years in issue here) which establishes that a high percentage of his guests were clients, is sufficient to meet his burden of substantiation. He points to section 1.274-5(c)(3), Income Tax Regs., as establishing the sufficiency of his oral testimony (corroborated by circumstantial evidence) that a large percentage of his guests were clients. This section provides: (3) Substantiation by other sufficient evidence. If a taxpayer fails to establish to the satisfaction of the district director that he has substantially complied with the "adequate records" requirements of subparagraph (2) of this paragraph with respect to an element of an expenditure, then, except as otherwise provided in this paragraph, the taxpayer must establish such element-- (i) By his own statement, whether written or oral, containing specific information in detail as to such element; and (ii) By other corroborative evidence sufficient to establish such element. If such *351 element is the description of a gift, or the cost, time, place, or date of an expenditure, the corroborative evidence shall be direct evidence, such as a statement in writing or the oral testimony of persons entertained or other witness setting forth detailed information about such element, or the documentary evidence described in subparagraph (2) of this paragraph. If such element is either the business relationship to the taxpayer of persons entertained or the business purpose of an expenditure, the corroborative evidence may be circumstantial evidence. In essence, petitioner contends that since he has clearly established the amount of his expenditures, his testimony and the circumstantial evidence that a large percentage of his expenditures in later years were made to entertain clients satisfy the remainder of the substantiation requirements.Accordingly, petitioner contends that we should allow him a deduction for at least the percentage of his expenses which, in later years, was incurred entertaining clients. We must decline petitioner's attempt to return us to the days when this court routinely estimated a taxpayer's entertainment expenses through the Cohan rule. Section *352 274 was enacted to end the type of estimating that petitioner espouses in this case. [6]We interpret section 1.274-5(c)(3) as allowing specific oral testimony to fulfill the substantiation requirements when one or more elements were not provided at the time the expense was incurred. The language of the regulation fully supports this conclusion, since it provides that the taxpayer's oral statement must contain "specific information in detail as to such element…." In other words, if petitioner could testify, for each invoice, as to the individual entertained, this would be the type of oral testimony envisioned in the regulation. However, testimony of the general nature provided in this case (as to the approximate percentage of the invoices which represent guests who were petitioner's clients) is insufficient. Our view of this *353 regulation is fully supported by the cases which have considered the substantiation requirements of section 274. In Dowell v. United States,522 F. 2d 708 (5th Cir. 1975), the Court of Appeals for the Fifth Circuit (the appellate court to which appeal of this case would lie) considered a similar problem. In Dowell, the chairman of a bank obtained judgment for a refund in the District Court for taxes paid after respondent disallowed his claimed business expense deductions. Dowell submitted a "blizzard" of bills and receipts and testified that all of them were business related, although he did not testify with specificity as to the business purpose of each separate expenditure. The Court of Appeals held that Dowell had not fulfilled the substantiation requirements and reversed the findings of the District Court. Specifically, the Court of Appeals stated that, as to substantiating the business relationship involved in each expense, the relationship must be shown in particular: The substantiation statute says 'the'--not 'a'-- business relationship. And the business relationship *354 cannot be ascertained unless the taxpayer establishes the identity of his entertainee--whether by name, title or other specific designation. 522 F. 2d at 716. Accordingly, the Court of Appeals remanded the case to allow Dowell to prove, for each separate expenditure, the amount expended and the identity of the entertainee. We conclude that Dowell is basically indistinguishable from the present case. As in Dowell, petitioner here has submitted a "blizzard" of invoices establishing his expenditures and a general claim that they were business related. Yet, as in Dowell, petitioner is generally unable to substantiate the specific business relationship involved in each separate expenditure. Applying Dowell to the facts of this case, we must conclude that only those expenditures for which petitioner has identified the guests are deductible. Petitioner's reliance on LaForge v. Commissioner,434 F. 2d 370 (2d Cir. 1970), and First National Bank of Omaha v.United States,276 F. Supp. 905 (D. Neb. 1967), is misplaced. The latter case concerned business expense deductions in years prior to the enactment of section *355 274, and the District Court in that case specifically noted the inapplicability of the substantiation requirements provided by this section. 276 F. Supp. at 909. The former case, LaForge, is distinguishable on its facts, as the Fifth Circuit demonstrated in Dowell:
In LaForge, the taxpayer was a surgeon who regularly bought lunches in the hospital cafeteria for his assistants.He kept no written records itemizing the cost of the lunches, but deducted on his income tax returns $2.00 for each day of the hospital schedule. Hospital rules forbade the cafeteria cashier from issuing receipts, but she testified that taxpayer regularly spent $2.65 to $3.00 each day for the lunches…. The factual distinctions between LaForge and the instant case are apparent. The amounts in LaForge were much smaller, all of the claimed expenditures were in the same cafeteria, and LaForge presented corroboration of his own statement concerning the amounts, dates and business relationships with respect to each expenditure…. Moreover, in Hughes v. Commissioner of Internal Revenue, 2 Cir., 1971, 451 F. 2d 975, 979, the Second Circuit, in explaining *356 its decision in LaForge, stated: "The significance of LaForge is that, even though a written statement may not be required for substantiation, the corroborative evidence must nevertheless establish each statutory element--amount, time, place and purpose-- of the expenditure with precision and particularity." (Emphasis added.) 522 F. 2d at 714-15 n. 10. It is exactly this substantiation with particularity which is lacking in this case. However, some of the invoices (either from the bar or restaurant at the Club) presented by petitioner do list the name of the individual entertained, and petitioner testified at trial as to his business relationship to those individuals. This identification provides the otherwise missing element of substantiation of the business relationship to petitioner of the individual entertained. When the guest is one of petitioner's clients, the business purpose of the meeting is also provided from this business relationship. We hold, therefore, that petitioner is entitled to deduct the entertainment expenses incurred for the lunches where petitioner has identified the guest as a client. In addition, we note that these invoices *357 on which the guest is identified are often accompanied by invoices of the same date. Although the accompanying invoices do not list the guest, these accompanying invoices appear to be the bar or restaurant expense which was incurred at the same time as the identified expense. We hold that petitioner has also met the substantiation requirements for these invoices, since the business relationship of the guest can readily be inferred. Accordingly, petitioner is entitled to deduct $102.13 and $298.98 in 1972 and 1973, respectively. We also conclude that the two invoices on December 28, 1973, totalling $17.40, which identify the guests as petitioner's partners Patt and Miller, are deductible. Petitioner testified that he discussed both matters he was working on and law firm operations with his partners over lunch. With respect to this amount he has adequately identified the guests and the business purpose for the entertainment. We concluded, above, that petitioner is entitled to deduct the expenses incurred entertaining identified clients and partners in 1972 and 1973. As to 1974, after petitioner's records were audited by respondent the records were apparently lost or misplaced. *358 Respondent has conceded, however, that the records for 1974 contain the same general type of information as that appearing on the invoices for 1972 and 1973. Since for those two years we hold that petitioner is entitled to deduct, on the average, 9.05 percent of the expenses incurred entertaining one or more guests, we also allow petitioner to deduct that percentage of his expenses incurred for that purpose in 1974.[7]
2. Brook Hollow Golf Club
The next issue is whether petitioner is entitled to deduct the cost of a party held in 1974 at the Brook Hollow Golf Club. The party, which was in honor of petitioner's birthday, cost $3,871. Almost half of petitioner's guests were his clients, and two-thirds of the guests were either his clients or his law partners. However, no business discussions took place at the party. Respondent disallowed *359 petitioner's claimed deduction for the cost of the party in its entirety. We sustain respondent's determination. We note, first, that unlike the expenses incurred at the Club, this party is not exempted from the requirements of section 274(a) by section 274(e). Accordingly, petitioner must establish either that the party was "directly related" to his trade or business or that the party was "associated entertainment," defined as entertainment that directly preceded or followed a substantial and bona fide business discussion and was "associated with" the active conduct of his trade or business. As to the former test, we conclude that the cocktail party is not directly related to the active conduct of petitioner's trade or business. Section 1.274-2(c)(7), Income Tax Regs.[8] See Israelson v. United States,367 F. Supp. 1104 (D. Md. 1973), affd. 508 F. 2d 838 (4th Cir. 1974). See also Andress v. Commissioner,51 T.C. 863 (1969), affd. 423 F. 2d 679 (5th Cir. 1970). Petitioner apparently concedes this point on brief. *360 We also find, however, no merit in petitioner's contention that this party was "associated entertainment." Section 1.274-2 (d)(1) provides generally that any expenditure for entertainment which is not directly related to the taxpayer's trade or business will not be allowable as a deduction unless the entertainment is "associated with" the active conduct of a taxpayer's trade or business and directly preceded or followed a substantial business discussion. [9]The phrase "directly preceded or followed" is then defined in section 1.274-2(d)(3)(ii), which provides: (ii) Directly preceding or following. Entertainment which occurs on the same day as a substantial and bona fide business discussion (as defined in subdivision (i) of this subparagraph) will be considered to directly precede or follow such discussion. If the entertainment and the business discussion do not occur on the same day, the facts and circumstances of each case are to be considered, including the place, date and duration *361 of the business discussion, whether the taxpayer or his business associates are from out of town, and, if so, the date of arrival and departure, and the reasons the entertainment did not take place on the day of the business discussion. For example, if a group of business associates comes from out of town to the taxpayer's place of business to hold a substantial business discussion, the entertainment of such business guests and their wives on the evening prior to, or on the evening of the day following, the business discussion would generally be regarded as directly preceding or following such discussion. *362 Petitioner contends that although this party was not on the same day as business discussions with his guests, the party directly preceded and followed substantial bona fide business discussions. The basis of petitioner's contention is that we should not read this "directly precede or follow" language restrictively; petitioner contends that business discussions during the three months before and after the party directly preceded and followed it. We conclude that petitioner misconstrues the purpose of section 1.274-2(d)(1). This provision is an exception to the general rule that expenditures for entertainment must be directly related to the taxpayer's trade or business. Its application is best typified by "the familiar situations in which business conferences are conducted by day and out of town participants are entertained by night." St. Petersburg Bank & Trust Company v. United States,362 F. Supp. 674, 681 (M.D. Fla. 1973), affd. per order 503 F. 2d 1402 (5th Cir. 1974), cert. denied 423 U.S. 834 (1975). In the St. Petersburg Bank case the taxpayer attempted to deduct the cost of parties held primarily to promote goodwill. *363 The District Court held that even though there had been some business discussions at these parties, unlike the cocktail party in issue here, the parties were not directly related to the taxpayer's trade or business, and did not directly precede or follow a substantial and bona fide business discussion. The Court disapproved that taxpayer's similar broad reading of the phrase "directly preceding or following." This decision was affirmed by the Fifth Circuit Court of Appeals, to which appeal in this case lies. We agree with that District Court's conclusion that the phrase "directly preceding or following" should be read restrictively in cases in which entertainment expenditures are related to the taxpayer's trade or business only in that they promote goodwill. Accordingly, we sustain respondent's determination. Decision will be entered under Rule 155. Footnotes
1. Petitioner concedes that expenses of $579.69, $1,474.91, and $515.77 incurred in 1972, 1973 and 1974, respectively, were nondeductible personal expenses. Apparently these were the expenses incurred when petitioner did not entertain any guests. ↩
2. Petitioner and his partners apparently discussed the routine business involved in management of the partnership during the lunches at the Club.Although petitioner did not always eat with the same partners, he would eat with some more than others. There was some reciprocity in the purchasing of these lunches.↩
3. Expenses incurred at the party were as follows: ↩ Item
Amount
Food & service charge
$1,924.45
Liquor
851.58
Wine
97.18
Beer
8.97
Parking men
145.62
Piano rental
131.25
Tom O'Boyle, pianist
150.00
Pianist room, Fairmont Hotel
37.21
Decorations
490.64
Party calling service
34.20
$3,871.10
4. Section 274(d) provides: (d) SUBSTANTIATION REQUIRED.--No deduction shall be allowed-- (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home), (2) for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, or with respect to a facility used in connection with such an activity, or (3) for any expense for gifts, unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility, or receiving the gift. The Secretary may by regulations provide that some or all of the requirements of the preceding sentence shall not apply in the case of an expense which does not exceed an amount prescribed pursuant to such regulations.↩
5. Section 1.274-5(c)(2)(b) provides: (b) Substantiation of business purpose.--In order to constitute an adequate record of business purpose within the meaning of section 274(d) and this subparagraph, a written statement of business purpose generally is required. However, the degree of substantiation necessary to establish business purpose will vary depending upon the facts and circumstances of each case. Where the business purpose of an expenditure is evident from the surrounding facts and circumstances, a written explanation of such business purpose will not be required. For example, in the case of a salesman calling on customers on an established sales route, a written explanation of the business purpose of such travel ordinarily will not be required. Similarly, in the case of a business meal described in section 274(e) (1)↩, if the business purpose of such meal is evident from the business relationship to the taxpayer of the persons esnertained and other surrounding circumstances, a written explanation of such business purpose will not be required.
6. "This limitation supersedes with respect to any such expenditure (travel, entertainment, gifts) the doctrine of Cohan v. Commissioner, (C.C.A. 2d, 1930), 39 F. 2d 540." Section 1.274-5(a), Income Tax Regs.↩
7. Petitioner met the substantiation requirements for 5.5 percent ($102.13/$1,839.94) of his claimed deduction in 1972 and 12.6 percent ($316.38/$2,511.91) of his claimed deduction in 1972. The average (5.5% + 12.6%) / 2 = 9.05 is the figure used here. Accordingly, petitioner is entitled to deduct $161.98 (.0905 X $1,789.86) in 1974.↩
8. Section 1.274-2(c)(7) provides: (7) Expenditures generally considered not directly related. Expenditures for entertainment, even if connected with the taxpayer's trade or business, will generally be considered not directly related to the active conduct of the taxpayer's trade or business, if the entertainment occurred under circumstances where there was little or no possibility of engaging in the active conduct of trade or business. The following circumstances will generally be considered circumstances where there was little or no possibility of engaging in the active conduct of a trade or business: (i) The taxpayer was not present; (ii) The distractions were substantial, such as-- (a) A meeting or discussion at night clubs, theaters, and sporting events, or during essentially social gatherings such as cocktail parties, or (b) A meeting or discussion, if the taxpayer meets with a group which includes persons other than business associates, at places such as cocktail lounges, country clubs, golf and athletic clubs, or at vacation resorts. An expenditure for entertainment in any such case is considered not to be directly related to the active conduct of the taxpayer's trade or business unless the taxpayer clearly establishes to the contrary.↩
9. Section 1.274-2(d)(1) provides: (d) Associated entertainment--(1) In general. Except as provided in paragraph (f) of this section (relating to business meals and other specific exceptions) and subparagraph (4) of this paragraph (relating to expenditures closely connected with directly related entertainment), any expenditure for entertainment which is not directly related to the active conduct of the taxpayer's trade or business will not be allowable as a deduction unless-- (i) It was associated with the active conduct of trade or business as defined in subparagraph (2) of this paragraph, and (ii) The entertainment directly preceded or followed a substantial and bona fide business discussion as defined in subparagraph (3) of this paragraph.↩