JIMMY JEFFERS AND PEGGY SUE JEFFERS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jeffers v. Commissioner
Docket Nos. 14588-83, 28952-83.
United States Tax Court
T.C. Memo 1986-285; 1986 Tax Ct. Memo LEXIS 319; 51 T.C.M. (CCH) 1403; T.C.M. (RIA) 86285; July 14, 1986. Jimmy Jeffers, pro se. Nancy W. Hale, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: In these consolidated cases, respondent determined the following deficiencies in petitioners' Federal income taxes: Docket Number
Year
Deficiency
14588-83
1979
$1,226.91
14588-83
1980
1,843.00
28952-83
1981
5,807.00
After concessions, the issues remaining for decision are: (1) Whether petitioner-husband is entitled to employee business expenses, in excess of the amounts allowed by respondent, for meals and lodging incurred while he was away from his home in connection with temporary employment during the 1979, 1980, and 1981 taxable years. (2) Whether petitioner-husband is entitled to a deduction of $700 in 1981 for work clothes and safety boots used in the workplace pursuant to section 162. [1]
FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts, supplemental stipulation of facts, *321 and attached exhibits are incorporated herein by this reference. Petitioners, who filed joint Federal income tax returns for the years 1979, 1980 and 1981, were residents of Clinton, Tennessee, when they filed their petitions in these cases. Jimmy Jeffers (hereinafter petitioner) was employed as a pipe fitter during the years in question. He was employed away from his home in Clinton, Tennessee, for a total of 207 days in 1979; 180 days in 1980; and 317 days in 1981. Petitioner claimed the following deductions in the amounts shown below in connection with his employment: 1979
1980
1981
Cost of Meals
$2,820
$3,120
$ 5,389
($12/day)
($16/day)
($17/day)
Lodging expenses
$3,995
$5,070
$10,144
($17/day)
($26/day)
($32/day)
Automobile expenses
$3,527
$3,066
$ 1,654
(22,524 mi.)
(15,597 mi.)
(8,272 mi.)
The parties have agreed that petitioner traveled 12,313 miles, 10,000 miles, and 8,272 miles in connection with his trade or business in 1979, 1980, and 1981, respectively. The parties have further agreed that petitioner is entitled to deductions for automobile expenses in the amounts *322 of $2,259.41, $2,000, and $1,654 in the 1979, 1980, and 1981 taxable years, respectively. In addition, with regard to the cost of meals, respondent allowed petitioner $2,070 ($10/day) in 1979 and $1,800 ($10/day) in 1980. Petitioner has failed to provide any specific documentary evidence to substantiate his travel related expenses. In addition, he was unable to provide corroborative evidence, through his testimony, to establish with particularity the amount, time, place, and business purpose of his expenditures. Petitioner also claimed a miscellaneous deduction in the amount of $700 for work clothes and safety boots purchased in 1981. The items consist of heavy denim jeans and high-top safety boots. The boots in question were worn to protect Mr. Jeffers in the workplace and were not suitable for use outside the workplace. OPINION Issue 1. Meals and Lodging Expenses
Respondent contends that the travel expenses, in excess of those allowed by respondent, claimed by petitioners in connection with his temporary employment as a pipe fitter should be disallowed because petitioners failed to substantiate such expenses as required by section 274(d) and the regulations promulgated *323 thereunder. We agree with respondent. Section 274(d) provides, in pertinent part as follows: (d) SUBSTANTIATION REQUIRED. -- No deduction shall be allowed -- (1) Under section 162 or 212 for any traveling expense (including meals and lodging while away from home), * * * unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility, or receiving the gift. The Secretary may by regulations provide that some or all of the requirements of the preceding sentence shall not apply in the case of an expense which does not exceed an amount prescribed pursuant to such regulations. Section 274(d) is intended to supersede the doctrine set forth in Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930), where it was held that the Court could estimate travel and entertainment expenses where documentary *324 proof was lacking. "Section 274(d) contemplates that no deduction shall be allowed a taxpayer for such expenditures on the basis of such approximations or unsupported testimony of the taxpayer." Section 1.274-5(a), Income Tex Regs. [2]
Section 1.274-5(b)(2), Income Tax Regs., provides that the following elements must be proved with regard to each travel related expenditures: [3]
(i) Amount. Amount of each separate expenditure for traveling away from home, such as cost of transportation or lodging, except that the daily cost of the traveler's own breakfast, lunch, and dinner and of expenditures incidental to such travel may be aggregated, if set forth in reasonable categories, such as for meals, for gasoline and oil, and for taxi fares; (ii) Time. Dates of departure and return for each trip away from home, and number of days away from home spent on business; (iii) *325 Place. Destinations or locality of travel, described by name of city of town or other similar designation; and (iv) Business purpose. Business reason for travel or nature of the business benefit derived or expected to be derived as a result of travel. Section 1.274-5(c)(1), Income Tax Regs., provides that a taxpayer must substantiate each element of the expenditures "by adequate records or by sufficient evidence corroborating his own statement." In order to satisfy the "adequate records" requirement of section 274(d), a taxpayer must contemporaneously maintain an account book or diary and must provide documentary evidence [4] (e.g., receipts, paid bills) which, in combination are sufficient to establish the amount, time, place, and business purpose of the expenditure. Section 1.274-5(c)(2)(i), Income Tax Regs.
*326 Expenses incurred for lodging must be substantiated by documentary evidence regardless of amount. Section 1.274-5(c)(2)(iii)(a), Income Tax Regs. The regulations do not allow the aggregation of lodging expenses as they do for meals and other incidental expenses. Section 1.274-5(c)(3), Income Tax Regs., provides the taxpayer with an alternative manner by which he can satisfy the substantiation requirements of section 274(d). If the taxpayer fails to comply substantially with the "adequate records" requirements with regard to an element of an expenditure, he must establish such element -- (i) By his own statement, whether written or oral, containing specific information in detail as to such element; and (ii) By other corroborative evidence sufficient to establish such element. [Section 1.274-5(c)(3), Income Tax Regs.] In Buddy Schoellkopf Products, Inc. v. Commissioner,65 T.C. 640, 644 (1975), this Court interpreted section 1.274-5(c)(3), Income Tax Regs., to require "specific evidence about the activities that gave rise to an expense." (Emphasis in original.) The corroborative evidence must "establish each statutory element -- amount, time, place *327 and purpose -- of the expenditure with precision and particularity." Hughes v. Commissioner,451 F.2d 975, 979 (2d Cir. 1971), affg. a Memorandum Opinion of this Court. The record in the instant case is bereft of such specifics.[5]
Petitioner provided no documentation regarding his specific travel and lodging expenditures. He neglected to maintain any account book or diary to chronicle his expenses. Petitioner testified that he paid some of his lodging expenses by personal check, but that he no longer had any of the cancelled checks reflecting such expenditures.He also *328 testified that he discarded the receipts that he often received from hotels and restaurants. During the trial, petitioner indicated that the amounts claimed on his income tax returns for lodging and meals were only estimates. Without question, his generalized and uncorroborated testimony did not provide the necessary detailed information as to the material elements of his travel-related expenditures. It is clear from petitioner's testimony that he is well-intentioned person. In addition, the amounts claimed by him with regard to both meals and lodging seem to be entirely reasonable in amount. Congress, however, has chosen to require detailed documentation as to all travel-related expenses incurred in a taxpayer's trade or business while away from home. Petitioner bears the burden of proof with respect to the deficiencies. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. He was unable to prove that he complied with the strict substantiation requirements of section 274(d) and, as previously noted, this Court is not at liberty to approximate what his expenses may have been. Accordingly, we hold for respondent on *329 this issue. [6]
Issue 2. Work Clothing and Boots
Petitioner claimed a miscellaneous deduction in the amount of $700 for work clothes and safety boots purchased in 1981. The items consist of heavy denim jeans and high-top boots. According to respondent, the clothing and boots purchased by petitioner were suitable for use outside the workplace and, therefore, do not constitute deductible expenditures. In Roth v. Commissioner,17 T.C. 1450, 1455 (1952), this Court held that no deduction is allowable for ordinary work clothing that is not in the nature of a uniform and that is not required to be worn as a condition of a taxpayer's employment. Generally, the cost of one's wardrobe constitutes a nondeductible personal expenditure within the *330 meaning of section 262. [7] Clothing expenditures are, however, deductible as ordinary and necessary business expenses if (1) the clothing is required or essential in the taxpayer's trade or business; (2) the clothing is unsuitable for personal use; and (3) the clothing is not worn other than during the course of taxpayer's employment. Yeomans v. Commissioner,30 T.C. 757 (1958). [8]
Petitioner made no assertion that he was required by his employer to buy and wear these particular denim jeans, the cost of which he is seeking to deduct. The clothing was in no way unique and was generally adaptable to use outside the workplace. We will therefore deny petitioner's deduction for the cost of his jeans. Roth v. Commissioner,supra.
Petitioner testified that the nature of his work as a pipefitter made the use of high-top boots crucial to his safety in the workplace, and that furthermore *331 certain of his employers specifically required their use. Because the boots in question were purchased and worn solely for petitioner's safety while at work, a deduction will be allowed for their cost. Cf. Bushey v. Commissioner,T.C. Memo. 1971-149. To reflect the concessions made by respondent and our conclusions with respect to the disputed issues, [9]
*332 Decisions will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue.↩
2. The Income Tax Regulations promulgated pursuant to sec. 274 have been uniformly approved by the courts. Dowell v. United States,522 F.2d 708, 713 (5th Cir. 1975); Sanford v. Commissioner,50 T.C. 823 (1968), affd. per curiam 412 F.2d 201↩ (2d Cir. 1969).
3. The regulations do allow the taxpayer to aggregate the amount of expenditures for his meals and incidental expenditures provided they can be established by reasonably adequate means. Sec. 1.274-5(b)(2)(i), Income Tax Regs.↩
4. According to sec. 1.274-5(c)(2)(iii)(b), Income Tax Regs., [D]ocumentary evidence will be considered adequate to support an expenditure if it includes sufficient information to establish the amount, date, place, and the essential character of the expenditure. For example, a hotel receipt is sufficient to support expenditures for business travel if it contains the following: name, location, date, and separate amounts for charges such as for lodging, meals, and telephone. * * *↩
5. We note that secs. 1.274-5(c)(4) and (5), Income Tax Regs.↩, provide for a relaxation of the stringent substantiation requirements where exceptional circumstances prevent the taxpayer from being capable of conforming with the statute and regulations or where records are lost or destroyed due to circumstances beyond the taxpayer's control. Neither of these special relief provisions apply in the instant case. It is quite clear from petitioner's testimony that his inability to provide adequate substantiation of his travel related expenditures stemmed from his own neglect and inadvertence.
6. We note that sec. 274(d) and sec. 1.274-5(h), Income Tax Regs., authorize the Commissioner to establish rules pursuant to which a taxpayer may elect to use a specified amount for meals while traveling in lieu of substantiating the actual cost of the meals. For meals purchased after December 31, 1982, Rev. Proc. 83-71, 1983-2 C.B. 590↩, allows $9 per day for travel that requires a stay of 30 days or more.
7. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩
8. See also Gallagher v. Commissioner,T.C. Memo. 1979-412↩.
9. We note that there is also an issue as to whether the unemployment compensation received by petitioner in 1980 is taxable. The determination of this issue is dependent upon the application of sec. 85(a) to petitioners' adjusted gross income, as redetermined in light of this Court's findings. If the sum of petitioners' adjusted income, plus the unemployment compensation received by petitioner in 1980 exceeds $25,000, then petitioner's 1980 gross income will be deemed to include such unemployment compensation. Sec. 85(a). The amount of unemployment compensation included in gross income, however, is limited to the lesser of (1) one-half of petitioners' 1980 adjusted gross income (including the full↩ amount of unemployment compensation) in excess of $25,000; or (2) the total unemployment compensation received in 1980.