NEAL SCHNEIDER AND LINDA L. SCHNEIDER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
SCHNEIDER v. COMMISSIONER
Docket No. 3784-76.
United States Tax Court
T.C. Memo 1978-447; 1978 Tax Ct. Memo LEXIS 67; 37 T.C.M. (CCH) 1847-30; November 7, 1978, Filed Neal Schneider, pro se. John W. Dierker, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency in petitioners' Federal income tax for the taxable year 1974 in the amount of $2,210.94. Concessions having been made, two issues remain for our decision: (1) the amount of petitioners' deductible expenses under section 214, Internal Revenue Code of 1954, [1] for the care of a dependent child; and (2) the amount of petitioners' deductible travel expenses under sections 62, 162 and 274. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and the associated exhibit are incorporated by this reference. Petitioners Neal Schneider (hereinafter petitioner) and Linda L. Schneider filed their joint Federal income tax return for 1974 with the Internal Revenue Service Center, *69 Austin, Texas. Petitioners resided in Mesquite, Texas, [2] when they filed their petition in this proceeding. During 1974, petitioners maintained a "tax diary" in which they recorded daily events and expenditures which in their opinion would affect their tax liability for the year. This diary contained a record of the amounts expended for child care during 1974 and the daily business expenditures made by petitioner in connection with his work as an insurance salesman. The diary met the requirements of section 1.274-5(c)(2)(ii), Income Tax Regs. In the course of respondent's audit, one of respondent's employees requested by telephone that petitioner mail his diary to respondent's Dallas office in connection with the ongoing audit. Petitioner complied, but the diary was either lost in the mail or misplaced by the Dallas office of the Internal Revenue Service. The original was sent because the small size of the diary made it difficult to be copied. Searches for the diary were initiated by the postal service and by respondent, but the diary was never recovered. The diary was lost due to circumstances *70 beyond the control of petitioners. Petitioners maintained a similar diary in years prior and subsequent to 1974 and continued to maintain such a diary up to the time of trial. Throughout 1974, petitioners lived approximately 60 miles east of the center of Dallas in a mobile home located between Quinlin and West Tawakani. Petitioner worked in Dallas about eight months of 1974 and worked for the rest of 1974 as an insurance salesman with Dallas as his home office. Petitioner's wife worked in Dallas for all of 1974. As a rule, petitioners were both absent from their home between 6:00 A.M. and 6:30 P.M. each weekday. Petitioners were both absent at other times on an irregular basis. Petitioner's wife had an eight year old son, Dan, who was properly claimed as a dependent on petitioners' 1974 Federal income tax return. Dan lived with his grandmother in Wisconsin during June, July and August 1974 but otherwise lived with petitioners during 1974. For each of the months January through May, petitioners reported having incurred child care expenses of $507.50 to enable them both to be gainfully employed. For each of the months September through December, petitioners reported having *71 incurred similar expenses of $622. As a component part of the total amount so claimed for each month, petitioners claimed the maximum allowable deduction of $200 for child care services provided outside the home. The total amount claimed by petitioners for each month exceeded the maximum allowable monthly deduction of $400 and petitioners therefore claimed a total deduction of $3,600 for child care expenses for 1974. The amounts that petitioners claimed on their return as having been spent for child care were derived from entries in the lost diary. Respondent, citing lack of substantiation of the expenditures, disallowed the deduction in its entirety. In late 1974, petitioner commenced employment with the Dallas office of Pennsylvania Life Insurance Company (hereinafter Penn Life) as a salesman. Petitioner solicited business over much of Texas, always away from his employer's office and used his 1972 Plymouth for the business travel related to his work. Petitioner spent approximately ten weeks in the general vicinities of Lubbock and Amarillo, two weeks in the general vicinities of Houston and Beaumont, and one week each in various other areas of Texas, including Austin, Beeville, *72 and Waco. Petitioner was away from home in pursuit of business for 85 days in 1974. Typically, petitioner would leave Dallas on Sunday or Monday, spend the week on the road in search of business, and return to Dallas on Friday night or Saturday to report his sales and receive his paycheck. Petitioner's pay was comprised wholly of commissions on sales; he received no salary, per diem allowance, or expense reimbursement. When petitioner began his travel for Penn Life, he copied the odometer reading of his automobile onto his first receipt for gasoline purchased. Aside from one trip weekly between home and Penn Life's Dallas office, petitioner's automobile thereafter was used exclusively for business purposes until February 1975, when it was no longer operable. From the first day of business use to the date of the auto's demise, it was driven 45,041 miles. Due to the loss of petitioner's diary, no other mileage readings were available at trial. Although petitioner's diary was unavailable at trial he produced three sets of documents pertaining to 1974. One was a collection of 98 receipts for gasoline purchased. The second was a collection of receipts for lodging. These two *73 sets of receipts did not reflect all of petitioner's expenditures for such purposes, but did reflect most of them. The third set of documents was a collection of weekly summary sheets prepared by petitioner for Penn Life which listed the names and addresses of persons who purchased policies from him during the week. On their 1974 Federal income tax return, petitioners claimed business expenses totaling $6,035, all of which related to petitioner's sales activities on behalf of Penn Life. Specifically, petitioners claimed to have expended $1,785 for meals and lodging while away from home and to have traveled 35,000 miles by automobile for business purposes. Petitioner computed his deductible automobile business expense to be $4,250 under respondent's "optional method" which allows a standard mileage rate to be applied to miles traveled for business purposes. Respondent, citing lack of substantiation of the expenditures for meals and lodging and lack of substantiation of the number of miles driven for business purposes, disallowed the deduction in its entirety. ULTIMATE FINDINGS OF FACT Petitioners paid child care expenses for 1974 in the amount of $1,950. Petitioners traveled *74 26,342 miles for business purposes in 1974. Petitioners incurred and paid lodging expenses related to business for 1974 in the amount of $376.25. OPINION The first issue for our decision is the amount that petitioners were entitled to deduct as child care expenses for 1974. Section 214 allows the deduction of amounts paid for "employment related expenses," e.g., child care expenses incurred to allow the taxpayer to be gainfully employed, as long as the taxpayer maintained a household which included a "qualifying individual," e.g., a dependent under 15 years of age whom the taxpayer could claim as a dependent under section 151(e). It is undisputed that petitioners were eligible for a deduction under section 214. Respondent, however, maintains that petitioners have not proved that they actually made any expenditures in 1974 for child care. Respondent's regulations limit allowable deductions under section 214 to those which are substantiated by adequate records or other sufficient evidence. *75 Section 1.214A-1(e), Income Tax Regs. At trial petitioners did not present cancelled checks or witnesses to verify the claimed amount of child care expenses. Only petitioner's testimony was offered to prove that amounts actually were paid to other persons for child care expenses in 1974. Such testimony was highly credible in light of the number of hours that petitioners were away from home in 1974 and petitioner's well-articulated concern for Dan's well being. Furthermore, we believe that petitioners' diary contained adequate records of their expenditures within the meaning of section 1.214A-1(e), Income Tax Regs., but that such records are now unavailable. Having decided that petitioners were eligible for a deduction pursuant to section 214 and that petitioners did make expenditures for child care in 1974, it remains for us to determine the amount of petitioners' allowable deduction under the rule of Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). [3]
*76 Petitioner testified to the amount that he and his wife were paying for child care at the time of trial, but that fact has no probative value in the decision of the issue before us. In making our determination, we have considered that petitioners were both away from home for approximately twelve hours each weekday and that Dan attended school during the week, except when on school vacation. Based upon the entire record we find that petitioners incurred child care expenses of $1,950 in 1974, and we hold that such amount is deductible pursuant to section 214. Cohan v. Commissioner, supra.
The issue remaining for our decision is the amount of travel expenses that petitioners may deduct pursuant to sections 162(a) (2) and 62(2) (B). Respondent disallowed petitioners' claimed deduction for lack of substantiation under section 274(d); petitioners claim that they have provided adequate substantiation. Section 274(d) provides in pertinent part as follows: (d) SUBSTANTIATION REQUIRED.--No deduction shall be allowed-- (1) under section 162 or 212 for any traveling expense *77 (including meals and lodging while away from home), * * * unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility, or the date and description of the gift, (C) the business purpose of the expense * * *. The two acceptable methods of substantiation provided by the statute, adequate records and sufficient evidence corroborating the taxpayer's own statement, are further explained in respondent's regulations. [4] The validity of these regulations has been upheld. Sanford v. Commissioner, 50 T.C. 823 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969). *78 Normally the amount of a deduction allowable for the business use of an automobile is equal to the portion of its actual fixed and operating costs allocable to business purposes. Petitioners have chosen to calculate the amount of their deduction using the "optional method" for calculating automobile expense as provided by respondent under Rev. Proc. 70-25, 1970-2 C.B. 506, superseded by Rev. Proc. 74-23, 1974-2 C.B. 476, modified by Rev. Proc. 77-40, 1977-45 I.R.B. 24. Under the optional method, petitioners would be allowed a deduction of fifteen cents per mile for the first 15,000 miles of business use and ten cents per mile for each mile of business use in excess of 15,000. The substantiation requirements of section 274 are modified for use with this optional method. Specifically, substantiation of the amount of any expenditure for auto travel is not required; only the time, place, and business purpose of the travel must be substantiated. The foregoing describes the substantiation ordinarily required of taxpayers. Respondent's regulations contain *79 a provision which addresses the substantiation required of a taxpayer when his records are lost due to circumstances beyond his control. In such extraordinary circumstances, section 1.274-5(c) (5), Income Tax Regs., Provides as follows: (5) Loss of records due to circumstances beyond control of the taxpayer. Where the taxpayer establishes that the failure to produce adequate records is due to the loss of such records through circumstances beyond the taxpayer's control, such as destruction by fire, flood, earthquake, or other casualty, the taxpayer shall have a right to substantiate a deduction by reasonable reconstruction of his expenditures. [5]
At trial and on brief, petitioners have claimed that they kept a tax diary in 1974, that they *80 mailed it to respondent at his request, and that it was lost in the mail or by respondent. Respondent has not contradicted or contested or even questioned this claim. In fact, respondent's only argument on brief is that petitioners have failed to reconstruct their expenditures. Such an argument can only proceed from an assumption that petitioners maintained adequate records for 1974 which were lost due to circumstances beyond petitioners' control. Since petitioner was a highly credible witness and absent any contrary argument by respondent, we have found as facts that petitioners maintained a diary throughout 1974; that it met the requirements of section 1.274-5(c) (2) (ii), Income Tax Regs.; that petitioners maintained an adequate record of miles traveled for business purposes; that petitioners mailed their diary to respondent; that it was lost after it was mailed; and that it was lost due to circumstances beyond the control of petitioners. Thus, petitioners have the right to substantiate their claimed deduction by reasonable reconstruction of their expenditures. [6] See Gizzi v. Commissioner, 65 T.C. 342 (1975). *81 Respondent argues that petitioners have failed to reasonably reconstruct their expenditures. Respondent therefore concludes that petitioners have failed to substantiate their expenses properly, and that they are not entitled to a deduction for travel expenses. To support this argument, respondent cites Dowell v. United States, 522 F.2d 708 (5th Cir. 1975), vacating 370 F. Supp. 69 (N.D. Tex. 1974), cert. denied 426 U.S. 920 (1976) (hereinafter Dowell), and BJR Corp. v. Commissioner, 67 T.C. 111 (1976) (hereinafter BJR Corp.). These two cases do not support respondent's contention. In Dowell, the United States Court of Appeals for the Fifth Circuit vacated a decision by the United States District Court for the Northern District of Texas and remanded the case with an admonition that, when section 274 is applicable, each element of an expenditure must be substantiated by adequate records or by other sufficient evidence corroborated by the taxpayer's testimony. In BJR Corp., the petitioner met the substantiation requirements of section 274 for only one expenditure. Twenty-one educations were substantiated *82 neither by adequate records nor by other sufficient evidence corroborated by testimony. In sum, the adequacy of records in each of the cited cases was controverted; neither case involved lost records. In the instant case, the adequacy of petitioners' records has not been questioned; we have found that petitioners did maintain adequate records of their expenditures, but that such records were lost due to circumstances beyond petitioners' control. Respondent has cited Dowell and BJR Corp. to support his argument that petitioners did not reasonably reconstruct their expenditures. In neither cited case was the taxpayer attempting to reconstruct his expenditures to remedy the loss of adequate records. Neither cited case even mentions the substantiation requirements applicable to a taxpayer whose adequate records are lost due to circumstances beyond his control. The cited cases are inapposite. Furthermore, while petitioners may fall short of the substantiation standards applied in Dowell and BJR Corp., such standards do not apply to petitioners.Section 274 requires "precision *83 and particularity" of description for each element of an expenditure requiring substantiation. Dowell, supra at 715, n. 10, citing Hughes v. Commissioner, 451 F.2d 975 (2d Cir. 1971). The taxpayers in Dowell and in BJR Corp. were subject to that standard, as are taxpayers generally. When it is determined, however, that a taxpayer has maintained records adequate to substantiate his claimed deduction but has lost such records due to circumstances beyond his control, only a reasonable reconstruction of the lost records is thereafter required of the taxpayer as substantiation. Gizzi v. Commissioner, supra; section 1.274-5(c) (5), Income Tax Regs. Had respondent argued and had we found that petitioners did not maintain adequate records during 1974, substantiation of petitioners' deduction would need to meet the standards applied in Dowell and BJR Corp. However, respondent has not so argued, nor have we so found. Instead, petitioners here are subject to the modified standards of section 1.274-5(c) (5), Income Tax Regs.
Since petitioners have chosen to calculate their *84 deduction for auto travel away from home by using respondent's optional method, they must reconstruct the time and place of the travel as well as its business purpose but not the amounts of their expenditures. The three sets of documents that petitioners produced at trial provide us with a reasonable reconstruction of petitioner's travels for sixteen of the seventeen weeks that petitioner worked for Penn Life in 1974. From those documents we are able reasonably to determine the time and place of petitioner's travel.In addition to such documentary reconstruction, petitioners have presented credible and uncontroverted testimony to reconstruct orally the business purpose of petitioner's travel [7] and the whereabouts of his travel. The scope of petitioners' reconstruction clearly distinguishes this case from those, including Gizzi v. Commissioner,supra, in which we have held that testimony uncorroborated by documentary evidence is insufficient to constitute a reasonable reconstruction of records. [8] We find that the testimony and documentary evidence supplied by petitioners provided a reasonable reconstruction of expenditures for automobile travel. [9]
*85 Having determined that petitioners provided a reasonable reconstruction of the pertinent elements of their expenditures for travel away from home, we have found that such reconstruction substantiates that petitioner traveled 26, 342 miles for business purposes in 1974. We hold that petitioners are entitled to a business expense deduction pursuant to sections 62 (2) (B) and 162 (a) (2) in an amount calculated under respondent's optional method for 26,342 miles traveled for business purposes. Petitioners did not attempt to substantiate the claimed lodging expenses by sufficient evidence corroborating their own statements. Petitioners' lodging expenses therefore must meet the adequate records requirement for substantiation, which is more rigorous than that required to allow a deduction for business mileage. Section 1.274-5 (c) (2) (iii) (a), Income Tax Regs., provides that a deduction for lodging must be supported by receipts, paid bills, or similar documentary evidence. Petitioner did not claim that any receipts for lodging were lost in the mail with the diary. Petitioners have met the adequate records requirement of section 274 (d) only with respect *86 to those lodging expenses for which petitioner presented receipts. Since one of the receipts for lodging was dated prior to petitioner's employment by Penn Life, we have found that it does not reflect a business expense of petitioners. Another receipt bore no date, but the reasonable reconstruction of expenditures provided by petitioner adequately supplemented the receipt, thus substantiating the amount spent as a deductible business expense. As to the remaining receipts, we have found that they, in conjunction with the previously described reconstruction of expenditures, adequately substantiated lodging expenses related to business. Petitioners paid and properly substantiated lodging expenses related to business for 1974 in the amount of $376.25. We hold that such amount is allowable to petitioners as a business expense deduction under section 162 (a) (2). Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. All cities mentioned herein are located in Texas.↩
3. See Kellner v. Commissioner, T.C. Memo 1976-72, affd. 39 AFTR 2d 893, 77-1 USTC par. 9236 (2d Cir. 1977); Cavic v. Commissioner, T.C. Memo 1977-192↩.
4. Section 1.274-5(c), Income Tax Regs., provides in pertinent part as follows: (2) Substantiation by adequate records-- (i) In general. To meet the "adequate records" requirements of section 274(d), a taxpayer shall maintain an account book, diary, statement of expense or similar record (as provided in subdivision (ii) of this subparagraph) and documentary evidence (as provided in subdivision (iii) of this subparagraph) which in combination, are sufficient to establish each element of an expenditure specified in paragraph (b) of this section. (3) Substantiation by other sufficient evidence. If a taxpayer fails to establish to the satisfaction of the district director that he has substantially complied with the "adequate records" requirements of subparagraph (2) of this paragraph with respect to an element of an expenditure, then, except as otherwise provided in this paragraph, the taxpayer must establish such element-- (i) By his own statement, whether written or oral, containing specific information in detail as to such element; and (ii) By other corroborative evidence sufficient to establish such element.↩
5. Note that the word "expenditure" as used in section 1.274-5, Income Tax Regs., is not limited to mean "amount paid." Section 1.274-5 (b), Income Tax Regs., provides that the word "expenditure" encompasses four elements in the context of travel: amount, time, place and business purpose. Sec. 1.274-5(b) (2), Income Tax Regs.↩
6. Jackson v. Commissioner, T.C. Memo 1975-301↩.
7. Moreover, the business purpose of an expenditure may be inferred from the surrounding facts and circumstances if the purpose is evident from such facts and circumstances. Section 1.274-5 (c) (2) (ii) (b), Income Tax Regs.↩
8. See, e.g., Blackshear v. Commissioner,T.C. Memo 1977-231; Herrick v. Commissioner,T.C. Memo 1977-171; Echols v. Commissioner,T.C. Memo 1976-264↩. 9. Jackson v. Commissioner,T.C. Memo 1975-301↩.